FREDERICK A. BALDWIN et al., Respondents, *v.* IRA E. DOYING et al., Impleaded, etc., Appellants.

To make exceptions to a refusal of a referee to find a fact sufficient ground for a reversal, it must appear that had he found as requested the result would have been affected.

In an action upon a promissory note the answer alleged that the note was procured to be discounted by one F. in pursuance of a corrupt and usurious agreement, whereby he received and charged a greater rate of interest than prescribed by law. Upon the trial defendants failed to show by whom the note was discounted, or that the person so discounting it charged more than the legal rate. They proved, and requested the referee to find, that one who had previously assisted in procuring discounts of paper made and indorsed by the same parties, agreed to discount or procure the note to be discounted for five per cent of its face; that he procured the note to be discounted, and subsequently gave to the indorser, with whom he made the agreement, a check of F. for the face of the note, less five per cent, as the proceeds of the note. It appeared that F. did not discount the note. These requests were refused and exceptions taken. *Held*, that the refusals to find did not constitute error justifying a reversal of the judgment, as if the referee had found as requested, this would not have justified a determination in favor of defendants; that the burden of proof was upon them to show the usurious exaction by the party discounting the note, and such result was not accomplished by proof of payment of a sum of money exceeding the legal rate of interest to a party undertaking for a consideration to procure the note to be discounted; that if D. acted as agent for the defendant, the plaintiffs' rights could not

be affected by proof of transactions between defendants and their agent; that even if it could be held that in what he did D. was the agent of the parties discounting the note, to establish their defense, it was incumbent upon defendants to show that, as such agent, he took the bonus with the knowledge and consent of his principal.

(Argued April 25, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 1, 1886, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*E. J. Myers* for appellants. A promissory note to be the subject of sale must be an existing valid note in the hands of the payee, and given for some actual consideration, so that it can be enforced between the original parties; and if not valid in the hands of the payee, it cannot be rendered valid by a sale to a *bona fide* purchaser at a rate of interest exceeding the lawful rate. (*Sweet* v. *Chapman*, 7 Hun, 577; *Hall* v. *Wilson*, 16 Barb. 548; *Hall* v. *Earnest*, 36 id. 588; *Rapelye* v. *Anderson*, 4 Hill, 483; *Bossange* v. *Ross*, 29 Barb. 576; *Clark* v. *Sisson*, 22 N. Y. 316; *Cantlin* v. *Gunter*, 11 id. 368; *Eastman* v. *Shaw*, 65 id. 522, 527.) The fact that the plaintiffs having indorsed the note after it was sold, and after maturity paid Story & Co. the full amount thereof, does not render it, in their hands, a valid obligation. ʹ(*Hooper* v. *De Long*, 5 J. & S. 128.) If a referee or judge refuses on request to find a material fact, and an exception is taken, and such fact is conclusively proved, the refusal to so find is an error, which must inevitably lead to the reversal of the judgment. (*Smith* v. *G. F. Ins. Co.*, 62 N. Y. 87; *James* v. *Cowing*, 82 id. 449.) Where there are inconsistent or contradictory findings of a referee, those must be applied which are most favorable to the defeated party in aid of his exceptions. (*Bonnell* v. *Griswold*, 89 N. Y. 122; *Schwinger* v. *Raymond*, 83 id. 192; *Tomkins* v. *Lee*, 59 id.

662.) The usual rule for the construction of pleadings applies as well to the answer of usury as to one setting up any other defense. (*Lewis* v. *Barton*, 106 N. Y. 70, 72 ; *Nat. Bank* v. *Lewis*, 75 id. 516.) The rule as to estoppel *in pais* clearly applies to the declarations of the plaintiff Davis as to the discounting of the note, and the variance caused by the plaintiff should not be allowed to prejudice the defense because a name and not a fact was pleaded in the answer. (*Voorhis* v. *Olmstead*, 66 N. Y. 113, 118 ; *C. Bk.* v. *Bk. of Comm.*, 50 id. 575.) The defendants were not estopped from pleading the defense of usury. (*Lewis* v. *Barton*, 106 N. Y. 70, 73.) The facts being in dispute, in the absence of a finding upon the subject, no presumption arises one way or the other. (*Walsh* v. *Princes*, 43 N. Y. 23 ; *Armstrong* v. *Du Bois*, 90 id. 95 ; *Hooper* v. *Ling*, 37 J. & S. 127–134.)

*John Loughlin* and *Alvin Burt* for respondents. The defendants were bound not only to set up any usurious contract in their answer, specifying its terms, the parties with whom it was made, and the particular facts relied upon to bring it within the prohibition of the statute, but to prove them substantially as alleged. (*Manning* v. *Tyler*, 21 N. Y. 567 ; *W. T. & C. Co.* v. *Kilderhouse*, 87 id. 435 ; *L. I. Bk.* v. *Boynton*, 105 id. 656 ; *Stillman* v. *Northrup*, 109 id. 473 ; *Nat. Bk. of Auburn* v. *Lewis*, 10 Hun, 468 ; *Hargar* v. *Worrall*, 69 N. Y. 370 ; *Sherwood* v. *Hauser*, 94 id. 626.) There was a sufficient valuable consideration to sustain the making or indorsing of the promissory note. (Story on Promissory Notes, chap. 5, § 186.)

PARKER, J. This action was brought to recover upon a promissory note for $1,650, dated August 7, 1883, made by one Willett Bronson to the order of the defendant Ira E. Doying, and indorsed by him, and also indorsed by the defendant Thomas H. Beekman. The defense interposed by the defendants Doying and Beekman was usury. The referee to whom the case was referred to hear and determine reported in favor

of the plaintiffs for the full amount claimed to be due. The findings of fact as made by the referee justified his refusal to find the conclusion of law, requested by the defendants, that the note was usurious, and demanded the conclusions of law as made in his report. We cannot review questions of fact. As to such questions the findings of the referee, affirmed by the General Term, are conclusive upon this court. (*Quincey* v. *White*, 63 N. Y. 370.) The appellant contends that some of the requests to find made by the defendants, and refused by the referee, were based upon uncontradicted testimony. That the findings of the referee in respect thereto were without evidence to support them, and that his exceptions thereto present questions of law, and are, therefore, reviewable here.

The refusals of the referee to find certain requests made by the defendants were, with the exception of the sixth and seventh requests, based upon either conflicting testimony or circumstances proven which tended to contradict the testimony of witnesses produced on the part of the defendants, and are, therefore, not reviewable. As to the sixth and seventh requests, we are unable to discover any evidence tending to contradict the testimony upon which those requests to find were based. Nevertheless, in order to make the exceptions taken thereto potent for a reversal of the judgment, it must appear that if the referee had found as requested the result would necessarily have been affected. (*Stewart* v. *Morss*, 79 N. Y. 629.)

The requests to be considered are as follows : Sixth request. " That the defendant Beekman subsequently, and on or in the latter part of August, applied to William A. Davis to discount or procure to be discounted the said note, and the said Davis undertook and agreed to discount or procure the said note to be discounted at a discount of five per cent upon the face of said note." Seventh request. " That on or about the 31st day of August, 1883, in pursuance of said agreement to discount or procure to be discounted said note, said Davis procured the same to be discounted and delivered to the defendant Beekman the check of one Julius Fried for $1,567.98 as the pro-

ceeds of said note after deducting the said discount of five per cent on the face of said note."

The defendants in their answer allege, in substance, that William A. Davis procured the note to be discounted by one Julius Fried in pursuance of a corrupt and usurious agreement whereby the said Julius Fried, the party so discounting said note, received and charged interest at a greater rate than prescribed by law, to wit, at the rate of twenty per cent per annum for the loan and forbearance of the sum of money mentioned in the note.

Upon the trial it appeared that Fried did not discount the note. It does not appear that Davis discounted it, and the defendants did not request the referee to so find. The defendants failed to show by whom it was discounted, or that the person so discounting it charged interest therefor at a greater rate than prescribed by law. They contented themselves with the proof that one of the indorsers went to Davis, who had previously assisted in procuring discounts of paper made and indorsed by the same parties, and that he agreed to discount or procure the note to be discounted at a discount of five per cent upon the face of the note, and that Davis subsequently gave to such indorser a check of Julius Fried for the face of the note less five per cent. This proof justified the findings requested, but did not demand a finding that Davis discounted the note, or that a greater rate of interest than that allowed by law was charged and received by the person discounting it.

The defendants, by omitting to make requests to find in such respect, apparently recognized the fact that the evidence did not warrant such finding in their behalf. Indeed, the seventh request carefully recognizes the utmost extent to which defendant's proof goes in the direction of the defense interposed. By it the referee is requested to find that Davis procured the note to be discounted (not that he discounted it) "and delivered to the defendant Beekman the check of one Julius Fried for $1,567.98, as the proceeds of said note, after deducting the said discount of five per cent."

It does not ask a finding that Fried discounted it, or that

the discounting party only paid $1,567.98 for the note, but, in effect, that all the defendants received from the party who conducted the negotiations for them, and at their request, was $1,567.98. The statute against usury is, like other statutes, to be obeyed, but the rule is well settled that whoever desires its aid, through the interference of a court, must make out his title to relief by allegations and proof. (*Long Island Bk.* v. *Boynton*, 105 N. Y. 656.) The burden of proof was upon the defendants to show the usurious exaction by the party discounting the note. (*Condit* v. *Baldwin*, 21 N. Y. 219; *Estevez* v. *Purdy*, 66 id. 447; *Van Wyck* v. *Watters*, 81 id. 352.) That result was not accomplished by proof of payment of a sum of money exceeding the legal rate of interest to a party undertaking, for a consideration, to procure the note to be discounted.

Assuming the request to find, under consideration, as having been found, then from all the findings it is apparent that Davis did not discount the note. In that which he did, therefore, he necessarily represented either the defendants or the party discounting the note. If he acted as agent for the defendants, and it is fairly inferable that he did, the plaintiffs' rights cannot be affected, in any manner, by proof of transactions between the defendants and their agent. Even could it be held that in what he did Davis was the agent of the party discounting the note (the most favorable proposition for the defendants conceivable), still, under the rule laid down in *Stillman* v. *Northrup* (109 N. Y. 473), the defendants have failed to establish their defense, for it was incumbent upon the defendants to show that Davis, as the agent of the discounting party, took the bonus with the knowledge and assent of such party. In the opinion of EARL, J., it is said that "the burden of establishing such knowledge and acquiescence rested upon the defendants, and they were bound to sustain that burden by satisfactory evidence. The defense of usury, involving crime and forfeiture, cannot be established by mere surmise and conjecture, or by inferences entirely uncertain."

It seems to be clear, therefore, that had the sixth and seventh findings of fact been found by the referee as requested, the conclusion of law, resulting from the facts found, must, of necessity, have been the same. It follows that such refusals to find do not constitute error justifying a reversal of the judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.