In the Matter of the Probate of the Will of ADELINE D. BERNSEE, Deceased.

141   389
164   245

Where the attestation clause to a will is full and complete, reciting all the facts necessary to a due publication under the statute, it is competent for the court to find that there has been a due publication, although but one of the subscribing witnesses testifies to the essential facts, and the other denies them.

In proceedings for the probate of a will which is contested on the ground that there was no due publication of the will, a beneficiary under it is incompetent to testify to any conversation or transaction in his presence at the time of its execution and publication. What occurred at that time is a transaction between the testator and the witness within the meaning of the Code of Civil Procedure (§ 829), although the witness took no actual part in the conversation, and it was wholly between the testator and the attesting witnesses.

A judgment will not be reversed for a technical error which it appears did not affect the result.

Reported below, 71 Hun, 27.

(Argued February 1, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 28, 1893, which affirmed a judgment entered upon a decree of the Surrogate's Court of Kings county admitting to probate the will of Adeline D. Bernsee, deceased.

Upon hearing of the application for the probate of said will, it was objected to as not executed according to law; that the testatrix was not competent to make a will and unduly influenced. These objections were overruled and the will admitted to probate. Upon appeal to the General Term the decree was reversed and issues framed which were ordered to be tried at Circuit. The trial there resulted in a verdict under which a decree was entered in the Surrogate's Court again admitting the will to probate.

Upon the trial Christian D. Bernsee, a son of the testatrix, and also one of the beneficiaries under her will, was called as a witness by the proponent and interrogated as to a conversation, in which he took no part, between the testatrix and the attesting witnesses, at the time the will was executed. This was objected to by the contestants and the objection sustained. Said witness was permitted to testify to a conversation occurring at another time, the substance of which, as well as the other material facts, are stated in the opinion.

*William C. De Witt* for appellant. The verdict of the jury was against the weight of evidence, contrary to law, and should have been set aside upon the motion for a new trial. (*S. F. Society* v. *Hopper*, 33 N. Y. 616; *Riggs* v. *A. T. Society*, 95 id. 503; *Merrill* v. *Rolston*, 5 Redf. 220; *Calhoun* v. *Jones*, 2 id. 34; *In re Dorman*, 5 Den. 112; *Shaw's Will*, 2 Redf. 107; *Lathrop* v. *A. B. F. Missions*, 67 Barb. 590.) Undue influence must be inferred from the situation of the decedent with her two sons, from their character and conduct toward her, from the beneficial results brought about in their behalf by the will, and from the general circumstances of the case. (*Marvin* v. *Marvin*, 3 Abb. Ct. App. Dec. 192; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504–519; *Tyler* v. *Gardner*, 35 id. 559; Redf. on Wills, 514, 515, 521, 522; *Forman* v. *Smith*, 7 Lans. 443; *Esterbrook* v. *Gardner*, 2 Den. 543; *In re Budlong*, 54 Hun, 138; *Reynolds* v. *Root*, 62 Barb. 250; *Mowry* v. *Silber*, 2 Bradf. 133; *Lee* v. *Dill*, 11 Abb. Pr. 214; *Delafield* v. *Parish*, 25 N. Y. 9.) The judgment

must be set aside for obvious error in the admission of the testimony of Christian Bernsee, who, as a chief beneficiary under the will and the main instrument in procuring its execution, was by statute prohibited from being a witness as to any transaction or communication by the deceased in which he had an interest. (Code Civ. Pro. § 829; *Lane* v. *Lane,* 95 N. Y. 494; *In re Eysaman,* 113 id. 62; *In re Dunham,* 121 id. 577; *Holcomb* v. *Holcomb,* 95 id. 316.) The absence of the testatrix's signature to the will at the time of its subscription by the witnesses, or the failure of the testatrix to declare it to be her signature in the witnesses' presence was absolutely fatal to the will under the decisions of this court. (*In re MacKay,* 110 N. Y. 611; *Jackson* v. *Jackson,* 39 id. 153; *Rugg* v. *Rugg,* 21 Hun, 383; 83 N. Y. 592.)

*George G. Reynolds, Daniel Daly* and *William R. Syme* for respondent. At the time of execution of the will the testatrix was of sound mind. (*Eam* v. *Snyder,* 46 Barb. 230.) The testatrix was under no undue influence. (*In re Smith,* 95 N. Y. 522; *Loder* v. *Whelpley,* 111 id. 250; *Seguine* v. *Seguine,* 4 Abb. Ct. App. Dec. 191; *Brick* v. *Brick,* 66 N. Y. 149.) The will was properly executed. (*In re Cottrell,* 95 N. Y. 329; *Trustees, etc.,* v. *Calhoun,* 25 id. 422; *Thompson* v. *Seastedt,* 6 T. & C. 78; 62 N. Y. 634; *Brown* v. *Clark,* 77 id. 369; *In re Hunt,* 110 id. 278; *In re Voorhis,* 125 id. 765.) The exceptions to the admission of the letters, and to the statements made by the testatrix to her neice and to her nephew are without merit. (*Ridden* v. *Thrall,* 125 N. Y. 572; Stephens on Ev. art. 29.) The testimony given by Christian Bernsee was proper and competent. (*Cary* v. *White,* 59 N. Y. 336; *Holcomb* v. *Holcomb,* 95 id. 316; *Simmons* v. *Haven,* 101 id. 427.)

ANDREWS, Ch. J. Christian D. Bernsee was under our decisions an incompetent witness to testify to any conversation or transaction in his presence at the time of the execution and publication of the will. He was one of the chief bene-

ficiaries thereunder, and was directly interested in establishing due execution. What occurred at that time was a transaction between the testatrix and the witness, within the meaning of sec. 829 of the Code, although he took no actual part in the conversation and it was wholly between the testatrix and the attesting witnesses. If active participation in the conversation was necessary to exclude an interested witness, and he should as an observer be permitted to testify to transactions in form between the deceased and third persons, although such transactions were in his interest, it would furnish an easy and convenient method in every case of evading the statute. The decisions have enforced the spirit of the statute by excluding such evidence, and have treated transactions between the deceased and third persons in the presence of interested parties as if the witness actually participated therein. (*Holcomb* v. *Holcomb*, 95 N. Y. 316; *Matter of Eysaman*, 113 id. 62; *Matter of Dunham*, 121 id. 575.)

The main controversy on the trial related to the question whether the will had been signed by the testatrix when it was attested by the subscribing witnesses. It is essential to the due publication of a will either that the witnesses should see the testator sign the will, or that such signature should have been affixed at some prior time and be open to their inspection. (*Matter of Mackay*, 110 N. Y. 611.) In the will in question the names of two persons are signed as attesting witnesses at the end of a full and complete attestation clause, reciting all the facts necessary to due publication under the statute. Both were sworn on the probate. One testified to a compliance in full with all the requirements to a due execution; that the testatrix signed the will in the presence of both witnesses, declared it to be her will, and that witnesses signed it in her presence and at her request. The other subscribing witness did not recollect that the testatrix signed the will, or that he saw her signature to the instrument at the time he subscribed it as a witness. It perhaps may be said that in the end the witness denied without qualification that the will was signed by the testatrix when he affixed his name, or that her signa-

ture was upon the paper witnessed by him. This made at most a conflict of evidence upon an essential fact, and it was competent for the court to find that there had been a due publication, although but one of the witnesses testified to the essential facts, and they were denied by the other. (*In re Cottrell*, 95 N. Y. 329, and cases cited.)

The proponent sought to introduce the testimony of Christian D. Bernsee in aid of the testimony of the subscribing witness, who had testified that the will was signed by the testatrix in the presence of the attesting witnesses. But, upon objection by the counsel for the contestants, this evidence was excluded. Upon the main controversy, therefore, as to the publication of the will, the contestants cannot complain because of his being sworn in the case.

The contestants also opposed the probate on the ground of mental incompetency of the testatrix and of undue influence. The will unexplained, which practically disinherits two daughters in favor of two sons, seems unnatural, and this was doubtless a circumstance to be considered on the question of undue influence alleged to have been exerted by the sons. But circumstances are shown, not necessary now to detail, which the surrogate had a right to find influenced the testatrix in making her will, and to justify the conclusion that the will was the deliberate and intelligent expression of the will of a competent testatrix, uninfluenced by any improper interference on the part of the two beneficiaries. It is claimed that the testimony of Christian D. Bernsee bore upon the issue of undue influence. There is very little, if any, evidence which would have justified a finding that the will was procured by undue influence. Dr. Bellows, one of the subscribing witnesses, who failed to recollect the facts sworn to by the other subscribing witness as to the signing of the will by the testatrix, testified, among other things, in substance, that the son, Christian D. Bernsee, came to his office with his mother to get him to sign the will as witness; that the son, during the interview, had the will in his hands and conducted the ceremony of publication, and that the son asked the witness to

sign the paper as a witness, and when it had been signed by the witness, took it away with him. The testimony of Christian D. Bernsee contradicts that of Dr. Bellows as to some of the details of the transaction. The main contradiction is that his mother, and not himself, asked the witness to sign. The only bearing of the evidence of Dr. Bellows on the issue of undue influence consisted in his statements that the testatrix seemed nervous and excited, and his evidence that the son Christian took an active part in the ceremony of publication. But it clearly appeared from the other testimony, as well as by the testimony of Christian himself, that he accompanied his mother on this occasion for the purpose of having her will executed, and that he produced and read formal instructions for the execution of the will prepared by the lawyer who drew it. His action and participation was fully shown, and it is impossible to suppose that the matters of variance between his testimony and that of Dr. Bellows could have had any influence in the decision of the case. It would be contrary to the general rule to reverse a judgment for a technical error which did not affect the result. The witness was not permitted to testify as to the main matter for which he was called, and the other matters as to which he testified did not prejudice the contestants.

The judgment should be affirmed.

All concur.

Judgment affirmed.