GEORGE F. DITMARS and Another, as Executors, etc., of JOHN V. DITMARS, Deceased, Plaintiffs, v. FREDERICK B. SACKETT and Others, Defendants.

*Motion for a new trial — objection that the verdict is excessive, when not available — recovery of possession of a chattel — rule of damages — action on a promissory note — evidence as to usury.*

Upon the hearing, at the General Term in the first instance, of a motion for a new trial, made upon a case containing exceptions, the plaintiff is not in a position to ask that the verdict of a jury be set aside and a new trial be granted, on the ground that the amount of damages found by the jury was excessive, if the question was not raised by an exception taken by the plaintiff.

In an action brought to recover the possession of personal property, where the plaintiff replevies the same and (the defendant not requiring the return thereof) sells the same at auction, and a portion thereof is bought in by the defendant, the correct rule of damages, as to the property which is not bought in at the auction sale by the defendant, in case the action results in favor of the defendant, is determined by its worth at the time of the trial, and the value of its use during the time of its detention. As to the property which is so purchased by the defendant, the correct rule is the value of the property and interest thereon from the time it was taken to the time of the trial.

While the defendant, in an action brought upon a promissory note, where the defense is usury, is entitled to show what was done by the attorney of the payee in consummating the loan, he is not entitled to prove a declaration made by such attorney, in the presence of the maker and in the absence of the payee, that he had paid a certain amount to get the note discounted.

MOTION by the plaintiffs, George F. Ditmars and another, as executors, etc., of John V. Ditmars, deceased, for a new trial on a case containing exceptions, ordered to be heard at the General Term

in the first instance, upon the verdict of a jury rendered after a trial at the Seneca Circuit on the 5th day of March, 1894.

*William S. Moore,* for the plaintiffs.

*Geo. B. Sackett,* for the defendants.

LEWIS, J.:

The defendant Frederick B. Sackett on the 16th day of November, 1891, executed and delivered to John V. Ditmars a chattel mortgage upon a number of horses, cattle and a quantity of farming utensils, to secure the payment of a promissory note dated on that day, payable three months after date, for the sum of $150, which was made by the mortgagor and the defendant W. G. Sackett. The mortgagee died on the 29th day of March, 1892, leaving a will in which these plaintiffs were named as executors. The promissory note not having been paid, plaintiffs, as such executors, duly demanded the mortgaged property of the defendants, which was refused, and they thereupon brought this action to recover possession thereof, basing their claim upon the said mortgage. The defendants interposed an answer setting up the defense of usury. The verdict of the jury was for the defendants. The jury fixed the value of the property at the sum of $448.80 and damages for its detention at $195. The defendants not having required the return of the property, it was sold by the plaintiffs at auction on the 4th day of January, 1893, a few days after it was replevied.

The evidence upon the trial to sustain the plea of usury was quite slight. It was, perhaps, however, sufficient to sustain the verdict, so far as that question was concerned.

An examination of the evidence has satisfied us that the verdict should be set aside and a new trial granted for the reason that the amount of damages found by the jury was altogether too large, if the plaintiffs were in a position to raise that question; but they are not, for the reason that this is not an appeal from the judgment, but is simply a motion for a new trial upon a case and exceptions directed to be heard in the first instance at the General Term, and the question is not raised by any exceptions taken by the plaintiffs. Had the correct rule of damages been adopted on the trial, the amount found by the jury for the use of the property would have been very much less than it was.

The mortgaged property consisted of a quantity of horses, cows and farming implements. The greater part of the property at the sale was bid in for the defendants and went into their possession immediately and was retained by them down to the time of the trial. This property having a usable value the correct rule of damages as to that portion thereof which was not retained by the defendants was what it was worth at the time of the trial and the value of its use during the time of its detention. (*Allen* v. *Fox*, 51 N. Y. 562.) But as to that portion of it which was bid in for the defendants and retained by them, the correct rule was the value of the property and interest thereon from the time it was taken to the time of the trial.

The defendants were allowed to give evidence as to the value of the use of that portion of the property purchased and retained by the defendants, and the amount of the verdict was largely increased in consequence of this evidence. But it does not appear from the case that any exception was taken by the plaintiffs to its admission.

The jury, after retiring to consider their verdict, returned into court and reported that they had found a verdict for the defendants for the sum of $393.80. The court thereupon remarked to the jury : " I instructed you that if you found for defendants you were to find that they were entitled to the property ; that you were also to find the value of the property at the present time ; also a separate item as to what damages they have suffered, if any, by reason of the detention of the property. Your verdict should be rendered in that form. If you find that they are entitled to the property, find its value and find one cent damages, if nothing more. You may retire." The jury again returned into court and reported that they awarded the property to the defendants and fixed its value at the present time at $448.80 and damages for its detention $195. How the jury came to add the $55 to the amount of the damages as first reported does not appear. There certainly was no foundation in the evidence for any such increase. The amount first reported, $393.80, was not justified by the evidence, but we are not at liberty to send this case back for a new trial because of this error, for the reasons stated. There was, however, evidence admitted over the objection and exception of the plaintiffs, which we think was incompetent and prejudicial to the plaintiffs' case. One of the

defendants was permitted to testify to conversations with the deceased concerning the loaning of the money and as to what the deceased did on the day the loan was made at the office of the attorneys who were attending to the loan for the deceased. This evidence was properly objected to, but no exception seems to have been taken to its admission. The attorneys, Ditmars & Wyckoff, were employed by the deceased to examine the papers and attend to the making of the loan. They concededly retained out of the money loaned the sum of ten dollars. The question litigated was whether the deceased received any part of this sum of ten dollars as a bonus for loaning the money, or whether it was all received and retained by the attorneys for their services in procuring the loan for the defendants. The evidence that the deceased had any part of it was very slight indeed. He gave his check upon a bank payable to the order of the attorney George F. Ditmars for the whole amount. The attorneys drew the money upon the check, and in the absence of the deceased paid $140 to the defendants and retained the balance. The defendants' theory of the transaction was that a part of this ten dollars went to the deceased, and to establish this, one of the defendants as a witness testified that he was in the office of the attorney on the day the loan was made; that the deceased was there, but left the office before the loan was consummated, leaving the witness and the attorney alone; the witness was asked the following questions: " Q. You may state what was done while you two were there together alone ? Plaintiffs' counsel objected as immaterial and incompetent; that George F. Ditmars has not had any connection with this matter whatever. The Court.— He can prove what took place with George F. Ditmars there. [Exception.] Q. You may state what was done or said between you and George F. Ditmars while you were in the office alone ? Plaintiffs' counsel objected as incompetent and immaterial, which objection was overruled by the court and plaintiffs' counsel duly excepted. A. He went out of the office. Q. This was when you were in the office together; tell what happened after he returned to the office and you were there alone." A. We were in the private room, private office, and he came in with the money, this is George F. Ditmars; after he returned with the money he said: ' We will have to charge you $10 for this loan.' John V.

Ditmars was absent at that time. I received what was equivalent to $140 in money from George F. Ditmars on that occasion in cash and receipts; I handed him the mortgage and the note, and when he was paying me the money he says: 'We will have to charge you $10 for this loan.' I objected to it. I told him I was not able to pay it. And the legal interest was all that I could pay and I objected to it. I said: 'I have got to use the money to-day, and I have got to have the money and I will pay it.' I had to use the money that day. George said: 'We will have to charge you the $10.' He said: 'We had to pay $7 to get the note discounted, and $3 for my services.' * * * Plaintiffs' counsel thereupon moved to strike out the whole of the testimony as to the conversation with George F. Ditmars, which motion was denied by the court, and plaintiffs' counsel duly excepted."

While the defendants were entitled to show what was done by the attorney in consummating the loan, they were not entitled to his declaration that he had to pay seven dollars to get the note discounted. This was important evidence tending to establish that seven dollars of the ten dollars went to the deceased as a bonus for discounting the note. It was a declaration on the part of the attorney as to what had theretofore taken place. While the plaintiffs' objection to the evidence and the motion to strike out the evidence should have been, perhaps, more specific in pointing out the precise part of the evidence which he desired stricken out, we are of the opinion that justice requires a new trial because of the admission of this evidence.

Plaintiffs' motion for a new trial should be granted, with costs to abide the event of the action.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Plaintiffs' motion for new trial granted, with costs to abide the event.