GEORGE F. DITMARS and ABRAM R. WYCKOFF, as Executors, etc., of JOHN V. DITMARS, Deceased, Plaintiffs, *v.* FREDERICK B. SACKETT and Others, Defendants.

*Usury — agent of a lender accepting an illegal bonus — the principal is not chargeable with usury unless he acquiesced in such act — a conversation of a decedent with a third person in the presence of a person interested cannot be proved by the latter.*

A personal transaction or communication, between a witness having an interest in the result of an action and a decedent, to which the prohibition of section 829 of the Code of Civil Procedure applies, includes a transaction or communication of a decedent with another in the presence of the witness, upon the subject to which his interest relates, although the latter takes no actual part in the transaction or communication.

Upon the trial of an action of replevin, brought to recover the possession of certain personal property, transferred by a chattel mortgage made by the defendant Frederick D. Sackett to the plaintiff's testator to secure the payment of a promissory note made by Frederick D. Sackett and W. Gilmore Sackett, and payable to the testator, in which the defense of usury was interposed, it appeared that the amount of the note was $150, and that W. Gilmore Sackett, the borrower, received only $140, the loan being made through the testator's attorney, who retained ten dollars. When the attention of the testator was called to this fact, he said to the person who talked with him about it that his brother, meaning W. Gilmore Sackett, had agreed to pay the ten dollars.

Upon the trial of the action the court directed a verdict for the plaintiff.

*Held*, that this direction was erroneous;

That a question was presented for the consideration of the jury whether or not the loan was made by the plaintiff's testator, pursuant to a corrupt agreement, in violation of the statute relative to usury;

That the taking of a bonus by the agent or attorney of a lender without the knowledge or acquiescence of the latter would not charge the lender with usury; that it is essential to the defense of usury that the principal be charge-

able with such knowledge or acquiescence, as of the time when the loan was made;

That this principle did not apply to the present case as the only reasonable inference from the testator's statements relative to the ten dollars was that the usurious agreement was made before the loan was perfected.

MOTION by the defendants, Frederick B. Sackett and others, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury in favor of the plaintiffs rendered by direction of the court after a trial at the Seneca Circuit on the 5th day of March, 1895.

*William S. Moore,* for the plaintiffs.

*Frank C. Cushing,* for the defendants.

BRADLEY, J. :

The action is replevin to recover the possession of certain personal property mentioned in and transferred by a chattel mortgage of date November 16, 1891, made by the defendant Frederick B. Sackett to the plaintiffs' testator to secure the payment of a promissory note of the same date made by the defendants, Frederick B. Sackett and W. Gilmore Sackett, for $150, payable to the testator three months after its date with interest. The defense alleged is usury. The trial court refused to submit any question to the jury and directed a verdict for the plaintiffs ; exceptions were taken by the defendants. The purpose of the note and mortgage was to secure the payment of a loan of money by the plaintiffs' testator to the defendant W. Gilmore Sackett. The amount received by him was $140. The alleged usury was in the reservation by the lender of ten dollars in excess of the legal rate of interest. And the evidence on the part of the defendants was to the effect that after the testator had promised to make the loan on such security, and on the day of the date of the note and mortgage, W. Gilmore Sackett met the plaintiffs' testator and George F. Ditmars at the office of the latter, and that the latter, who was an attorney, handed to that defendant $140 and no more as the loan upon the security so given. The negotiation for the loan of $150 shortly prior to the time of the transaction last above mentioned was had by Garry V. Sackett, a brother of W. Gilmore Sackett, with the plaintiffs' testator. He was not present at the time the loan was made. His evidence is that

few days thereafter he met the testator and said to him: "You took ten dollars on that loan the other day. * * * I came over here to-day to settle that matter up with you, and it must be settled;" that the testator answered: "Well, your brother agreed to pay the ten dollars;" that the witness then said: "It don't make any difference whether he did or not, they can't afford to pay usury, and they won't submit to it. You must straighten it up;" that the testator then said: "Then I won't have any more to do about it; go and see George."

It does not necessarily appear that the testator was present when the money was handed to Sackett by the attorney, George F. Ditmars, but the inference that he was present is permitted by the evidence before referred to, that W. Gilmore Sackett met him in the office of the attorney on that day, and saw something take place between them. The evidence of the witness offered to prove what did take place there between the testator and George F. Ditmars was excluded as within the inhibition of section 829 of the Code of Civil Procedure. The facts which the evidence tended to prove were substantially that pursuant to an understanding that the testator should loan to W. Gilmore Sackett $150 upon such security, the note and mortgage were received by him and the loan made through his attorney, who advanced only $140, and when the attention of the testator was afterwards called to the fact he said the borrower "agreed to pay the ten dollars." This not only tends to prove that he was cognizant that ten dollars of the amount of the note was withheld from Sackett, but the inference is permitted that the plaintiffs' testator was a party to an agreement with the borrower that ten dollars in excess of the legal rate of interest should be, as it was, reserved and taken for the loan.

The view taken of the evidence is such that it presented for the consideration of the jury the question of fact whether or not the loan was made by the plaintiffs' testator pursuant to a corrupt agreement in violation of the statute relating to usury. (*Catlin* v. *Gunter*, 11 N. Y. 368.)

It is true, as urged by the learned counsel for the plaintiffs, that the taking of a bonus by the agent or attorney of a lender, without the knowledge or acquiescence of the latter, does not charge him, and that the burden of proof of such fact is with the party charging usury.

(*Condit* v. *Baldwin*, 21 N. Y. 219; *Philips* v. *Mackellar*, 92 id. 34.) And it is also true that it is essential to the support of the defense of usury that the principal is chargeable with such knowledge or acquiescence as of the time when the loan is made. (*Stillman* v. *Northrup*, 109 N. Y. 473; *Baldwin* v. *Doying*, 114 id. 452.) It could, with much force, have been urged on the part of the plaintiffs, that the proof would have been insufficient to warrant that imputation against the plaintiffs' testator in the absence of the evidence of the subsequent interview with him at which he stated in reference to the loan that the borrower agreed to pay the ten dollars. The only reasonable import of this statement is that such agreement was made before the loan was perfected. The statement as testified to by the witness does not purport to have been founded on information or otherwise than upon personal knowledge of the plaintiffs' testator.

When this case was here on a former review, the new trial was granted for reasons not prejudicial to the defendants upon this review. (*Ditmars* v. *Sackett*, 81 Hun, 317.)

The view taken renders it unnecessary for the purpose of the result to consider the questions arising upon exceptions to the exclusion of evidence offered by the defendants. Those rulings were mainly to the effect that the witness, being one of the defendants, was incompetent by force of section 829 of the Code to testify to the facts sought to be proved by him.

It is now quite well settled that the personal transaction or communication between a witness having an interest in the result and a decedent, to which the inhibition applies, includes a transaction or communication of the decedent with another in the presence of the witness on the subject to which his interest relates, although the latter takes no actual part in it. (*Matter of Bernsee*, 141 N. Y. 389.)

The question whether any of the evidence offered and excluded on that ground was admissible is not considered.

The motion for a new trial should be granted, costs to abide the event.

LEWIS and WARD, JJ., concurred.

Motion for a new trial granted, costs to abide the event.