LAWLOR v. FRENCH. (Supreme Court, Appellate Division, First Department. May 15, 1896.) Action by Kate Lawlor, as administratrix, against Thomas H. French. No opinion. Motion for resettlement granted as shown upon face of notice of motion. See 37 N. Y. Supp. 807, 1147.

LEGGETT et al., Respondents, v. RADFORD, Appellant. (Supreme Court, Appellate Division, Second Department. April 7, 1896.) Action by Francis H. Leggett, Albert H. Jones, Lewis Wallace, and John C. Juhring against Walter Radford. John F. Brennan, for appellant. James M. Hunt, for respondents.

PER CURIAM. We think this judgment should be sustained upon the theory that the defendant was the principal, and wholly irrespective of any question of guaranty. The complaint does not seek to charge the defendant as guarantor, nor is there anything about a guaranty in the findings of the referee upon which the judgment was directed. Judgment affirmed, with costs.

LEXOW, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. May 22, 1896.) Action by Caroline H. Lexow against the Manhattan Railway Company and others. S. Babcock, for appellants. E. M. Felt, for respondent. No opinion. Judgment modified by reducing fee damage to $3,000, and as modified affirmed, without costs.

LINCOLN NAT. BANK OF NEW YORK, Respondent, v. KIRK et al., Appellants. (City Court of New York, General Term. May 23, 1896.) Action by the Lincoln National Bank of the City of New York against Harford B. Kirk and others. G. P. Smith, for appellants. Dittenhoefer, Gerber & James, for respondent.

McCARTHY, J. We think the court properly directed a verdict for the plaintiff, and the evidence warranted it. Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379; Baldwin v. Doying, 114 N. Y. 457, 21 N. E. 1007. Judgment affirmed, with costs. All concur.

LINDENMEYER et al., Respondents, v. OPPENHEIMER, Appellant. (Supreme Court, Appellate Division, First Department. June 29, 1896. L. Wertheimer, for appellant. J. D. Townsend, for respondents. No opinion. Judgment affirmed, with costs.

LUDLOW, Respondent, v. WESTWOOD, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 17, 1896.) Action by Lucy Ludlow against Herman J. Westwood. Herman J. Westwood, in pro. per. S. P. Fox, for respondent. No opinion. Judgment affirmed, with costs.

LUTHER, Respondent, v. HATHAWAY, Appellant. (Supreme Court, Appellate Division, Third Department. April 27, 1896.) Action by George N. Luther, as trustee of school district No. 16, against Azariah J. Hathaway. No opinion. Judgment affirmed, with costs. All concur.

In re LYNCH. (Supreme Court, Appellate Division, First Department. June 12, 1896.) Petition of Thomas J. Lynch, an incompetent person. Charles Le Barbier, for appellant. George W. Wingate for respondent.

PER CURIAM. A careful examination of the record in this case has convinced us that the court below was clearly right in refusing to supersede the inquisition by which the petitioner was found to be an habitual drunkard, and incapable of governing himself and managing his property. So far as appears, his wife has devoted herself to him and to his interest, and the evidence shows that he has continued in his habits of intoxication down to a short period prior to the time at which he made this application. The fact that he has been grossly intemperate in the past, having several times had delirium tremens, is established by most satisfactory evidence; and to justify the court in superseding the inquisition, and in restoring him to the possession of his property, it must appear that his habits have changed so that the danger of his resuming his old habits and squandering his property is removed. This the petitioner has failed to show. On the contrary, we are satisfied, upon the evidence, that, if he was again placed in the possession of his property, he would be most likely to continue in his old habits. It is hardly conceivable that his sister and all of his other relatives should so strenuously oppose the restoration of his property, if he was competent to manage it. We think that the welfare of the petitioner, as well as that of his wife and child, requires that he should be kept from temptation until a sufficient time has elapsed since he has yielded to his craving for spirits to show that he can properly care for himself. The mere fact that people who have known him have seen him when he was not intoxicated is not sufficient to overcome the very convincing evidence that he is not now in a position that would justify the court in placing his property in his hands. The order appealed from should therefore be affirmed, with $10 costs and disbursements.

LYNCH, Respondent, v. BROOKLYN CITY R. CO., Appellant (Supreme Court, Appellate Division, Second Department. June 25, 1896.) Action by Catharine Lynch against the Brooklyn City Railroad Company. William W. Goodrich, for appellant. Charles J. Patterson, for respondent.

PER CURIAM. There are no good exceptions in this record. We cannot reverse the judgment on the ground that the verdict was against the evidence; for, even if the testimony of the South Carolina witness, which is so severely criticised, be left out of consideration, there is quite enough to sustain the finding of negligence. The case was one in which the jury might have found either way, according to their view of the credibility of the witnesses; and where there is such a conflict of proof their determination of the issues of fact must be allowed to stand, in the absence of legal error calling for a reversal. Judgment and order affirmed, with costs.