HUGH F. DOLAN, Appellant, *v.* JEREMIAH LEARY and MARIA LEARY, Respondents.

| 69 | 459 |
|---|---|
| a174 NY | 540 |

*Personal transaction with a decedent — an interested witness cannot testify to the execution of a deed (since lost) by a decedent to a third person who conveyed to the witness.*

In an action brought to obtain an adjudication that the plaintiff was the owner of certain property which was formerly owned by his deceased wife, the plaintiff claimed that his wife, prior to her death, deeded the property to an intermediary, and that the latter and his wife deeded it to the plaintiff and the plaintiff's wife as joint tenants, and that on the death of his wife he succeeded to the fee by right of survivorship. The deeds were never recorded and the plaintiff claimed that they were lost.

*Held*, that the plaintiff, who claimed to have been present at the execution of the two deeds alleged to have been lost, was incompetent, under section 829 of the Code of Civil Procedure, to testify to their execution;

That such testimony would involve a personal transaction between the plaintiff and his wife, notwithstanding the fact that the alleged deed to him and his wife as joint tenants was executed by the intermediary and not by the plaintiff's wife.

APPEAL by the plaintiff, Hugh F. Dolan, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 18th day of January, 1901, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing the complaint upon the merits.

*William S. Maddox* [*Stewart Chaplin* with him on the brief], for the appellant.

*George G. Reynolds* and *Herman H. Baker*, for the respondents.

HIRSCHBERG, J.:

The plaintiff sues to recover a judgment determining that he is the owner of certain real estate in Brooklyn, and to require the defendants, Jeremiah Leary and wife, to convey the title to him. The real estate was owned during her lifetime by the plaintiff's wife. On her death, which occurred February 3, 1900, it descended to the defendant Jeremiah Leary as her only heir at law. But the plaintiff claims that his wife deeded the property on May 2, 1891, to one Jeremiah F. Leary, Jr., and that the latter and the latter's wife on

the same day deeded it to the plaintiff and the plaintiff's wife as joint tenants, he succeeding to the fee on her death by survivorship. The deeds were never recorded, and the plaintiff claims that they are lost, and the controversy hinges on the proof of their existence.

The plaintiff offered no proof but his own evidence, and if he can maintain the action, there is nothing in section 829 of the Code of Civil Procedure to prevent a claim of title by purchase to the real estate of a deceased person from being successfully supported by the uncorroborated oath of the claimant to the effect that he once had in his possession a deed of the property bearing the genuine signature of the deceased. Such a result is clearly in conflict with the spirit of the section cited, and I think also with the letter.

The plaintiff was permitted to testify that he prepared the two deeds, one conveying the property from his wife to Jeremiah F. Leary, Jr., as the conduit through whom she designed to make the transfer, and the other conveying the property from said Leary and wife to the plaintiff and wife jointly; that these deeds were in his possession until shortly before his wife's death; that all the signatures were genuine, and that after his wife's death he looked for the deeds in the place where he had been accustomed to keep them, but found they were gone, and he has never since seen them.

On the other hand, both Jeremiah F. Leary, Jr., and his wife testified that no such deed had ever been executed to or by them. The decision of the learned trial justice finding that the plaintiff's wife died seized of the premises in question is an adoption of the truth of this testimony, and, even assuming that the plaintiff's evidence is competent, it certainly does not furnish such a preponderance as would justify a reversal.

The chief question presented on the appeal, however, is the propriety of a ruling by which other evidence of the plaintiff's was rejected. He claimed to have been present at the execution of the deeds, and offered to testify to the occurrence. The ruling rejecting such evidence was undoubtedly correct. The transaction which he sought to prove was one directly between his wife and himself a transaction by which she sought to convey to him an interest in her real estate. The fact that the conveyance was to be through an intermediary did not make it any the less a personal transaction. It only required that two steps should be taken instead of one, but

both were essential to the completed transaction, and being taken in the plaintiff's presence each step constituted a personal transaction between himself and the deceased, and he is accordingly precluded, by section 829 of the Code, from testifying in relation to it in support of the claim founded on it.

It would be profitless to marshal and to analyze the many authorities on the subject, not always in entire harmony, if not actually conflicting. It is sufficient that none of them permits an interested party to establish his claim against a deceased person by his own evidence as to what such person did or said to him or did for his benefit in his presence. *Matter of Bernsee* (141 N. Y. 389) is a recent case in point. There it was sought to prove the publication of a will by the evidence of a beneficiary under it, and it was held that although he took no part in the conversation, which was wholly between the testatrix and the attesting witnesses, he was not competent to testify, inasmuch as what then occurred was a transaction between the testatrix and himself within the meaning of the Code. Although the judgment was not reversed, as the error did not affect the result, the language of Chief Judge ANDREWS, at page 392, seems pertinent to the present inquiry: "What occurred at that time was a transaction between the testatrix and the witness, within the meaning of sec. 829 of the Code, although he took no actual part in the conversation and it was wholly between the testatrix and the attesting witnesses. If active participation in the conversation was necessary to exclude an interested witness, and he should as an observer be permitted to testify to transactions in form between the deceased and third persons, although such transactions were in his interest, it would furnish an easy and convenient method in every case of evading the statute. The decisions have enforced the spirit of the statute by excluding such evidence, and have treated transactions between the deceased and third persons in the presence of interested parties as if the witness actually participated therein. (*Holcomb* v. *Holcomb*, 95 N. Y. 316; *Matter of Eysaman*, 113 id. 62; *Matter of Dunham*, 121 id. 575.)"

In this case I think the plaintiff did actually participate in the transaction. The transaction was the transfer of property from his wife to him. He was there for the purpose of receiving the deed which would be his muniment of title. The fact that two deeds

were employed in consummating the transaction does not affect the principle involved, or render him during any stage of the transaction thus accomplished in his presence other than an active present, and interested participant. He could, accordingly, no more testify to what took place than he could have done if his wife had executed a deed to him directly and had caused it to be then and there delivered to him by a third person. It is not claimed that his evidence would have been competent under the conditions last suggested, and it is impossible to see how it can be made competent by the fact that the third person is his wife's grantee and his grantor, and as such is engaged in taking part in the very transaction which is the subject of investigation.

The judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.