FRED W. WILSON, Respondent, *v.* MICHAEL N. KANE, as Executor, etc., of CAROLINE A. VAN DUZER, Deceased, Appellant, Impleaded with THE WILLIAMSBURGH SAVINGS BANK, Defendant.

Second Department, November 2, 1917.

Gift inter vivos — evidence — transaction with decedent tending to show delivery of bank book — harmless error — gift established by independent evidence.

In an action to establish an alleged gift *inter vivos* of a savings bank deposit made to the plaintiff by a person since deceased, it was error to allow the plaintiff to testify that when he went to the house of the donor at the time of the alleged gift he did not have the bank book in his possession and that when he left the house he did have the bank book, for it involved

Second Department, November, 1917.            [Vol. 180.

a personal transaction with the decedent tending to establish the consummation of the gift by the delivery of the bank book.

But the error in the reception of the evidence is no ground for reversal where the gift and delivery of the bank book were established by independent evidence upon which the court expressly based its decision, for a judgment will not be reversed because of the admission of evidence incompetent under section 829 of the Code of Civil Procedure where such evidence was not material or necessary to the plaintiff's success.

APPEAL by the defendant, Michael N. Kane, as executor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of April, 1917, upon the decision of the court after a trial at the Kings County Special Term.

*A. H. F. Seeger* [*Lewis J. Stage* with him on the brief], for the appellant.

*Meier Steinbrink* [*Romaine Shepard* with him on the brief], for the respondent.

RICH, J.:

The defendant Kane, as executor of Caroline A. Van Duzer, deceased, a sister of the respondent, appeals from a judgment in favor of the plaintiff, sustaining the plaintiff's contention of a gift *inter vivos* of a deposit in the defendant bank, made to him by his sister shortly prior to her decease.

The alleged gift was established by the evidence of plaintiff's wife, corroborated by the evidence of his daughter, and a nurse of the deceased who was wholly disinterested. The sole question presented to the court was one of fact, and the disposition of the case should not be disturbed unless, as contended, the exceptions present reversible error. The plaintiff was permitted to testify, over the appellant's objection and exception, under the provisions of section 829 of the Code of Civil Procedure, that when he went to the house occupied by his sister on the night that he alleges she gave him her bank book and the money represented by the deposits, he did not have the bank book in his possession, and that when he left the house he did have it. I think this evidence was incompetent and inadmissible, if the fact to which plaintiff testified was relied upon or necessary to establish the gift or a delivery of the bank book, as the presumption flowing

from it would tend to establish a personal transaction between the deceased and the plaintiff, namely, the consummation of the gift by the delivery of the bank book; but where, as in the case at bar, the delivery is established by independent, uncontradicted evidence, proof of possession does not imply a personal transaction (*Hoag* v. *Wright*, 174 N. Y. 36, 39); and, in addition, the evidence was not material because the gift and delivery was established by independent evidence, upon which the trial court expressly based his decision, and it is well settled that a judgment will not be reversed because of the admission of evidence incompetent under the provisions of section 829 of the Code, where such evidence is not material or necessary for plaintiff's success. It was at the most a technical error which did not affect the result and did not prejudice the appellant. (*Matter of Bernsee*, 141 N. Y. 389; *Hutton* v. *Smith*, 175 id. 375.)

The judgment must, therefore, be affirmed, with costs payable from the estate.

MILLS, PUTNAM and BLACKMAR, JJ., concurred; JENKS, P. J., not voting.

Judgment affirmed, with costs payable from the estate.