

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 28, 1972

Honorable Sam L. Gayle, Jr.
County Attorney
Jackson County
P. O. Box 88
Edna, Texas 77957

Dear Mr. Gayle:

Opinion No. M-1287

Re: Requirements for the
issuance of a marriage
license and the status
of marriage by proxy
in Texas.

Your request for an opinion asks the following questions:

"1.  Can the County Clerk issue a marriage license if the male applicant satisfies the blood test and identity requirements, or does Section 1.02(1) of the Family Code require a personal appearance before the County Clerk?

"2.  Does Texas allow a marriage by proxy which other jurisdictions allow?"

Your relation of facts shows that the female is a resident of Jackson County, Texas, and that the male is a former resident of Jackson County now stationed in Viet Nam, and that the two would like to obtain a marriage license and marry by proxy.

Our answer to your first question is that under certain conditions the personal appearance of an applicant before the county clerk may be waived, and our answer to your second question is "yes".

Section 1.01 of the Texas Family Code provides that those who desire to enter into a ceremonial marriage shall obtain a marriage license. Section 1.02 provides for the application of marriage license and states that the applicants shall appear together or separately before the county clerk. Section 1.05 provides:

"Any information pertaining to an applicant, other than the applicant's name, may

be omitted from the application, and any
formality required by Subchapters A, B, and
D of this chapter may be waived on the county
judge's written order, issued for good cause
shown, and submitted to the county clerk at
the time the application is made."

The provisions concerning application for a marriage
license and the issuance of such license by the county clerk
are provided for in Subchapter A of the Texas Family Code.
Therefore the requirement that the applicants each appear in
person may be waived pursuant to the provisions of Section 1.05.

In answer to your first question, if the county judge's
written order is obtained pursuant to the provisions of Section
1.05, the county clerk may issue the marriage license without
the applicants applying for the marriage license appearing be-
fore the county clerk.

In arriving at the answer to your second question we
consider first the landmark case of Grigsby v. Reib, 153 S.W.
1124 (Tex.Sup. 1913), wherein the court stated:

". . . Every marriage must be by contract,
express or implied; that is, the relation of
husband and wife must be assumed, as such, by
mutual consent.  The contract between parties
to be husband and wife is a civil contract;
that is, it is not a church ordinance or rite."

Thus in Texas a marriage is a civil contract and no
marriage can be binding which does not rest upon the consent
of the parties.  See also Attorney General's Opinion O-7529
(1946), and authorities cited therein.

In Attorney General's Opinion O-7529 (1946) it was
pointed out that the Legislature may prescribe the procedure
and form essential to constitute marriage.  The Texas Family
Code recognizes both ceremonial marriage (Sec. 1.81-1.85) and
marriage without formalities (Sec. 1.91-1.92).  With regard to
ceremonial marriage, Section 1.82 provides:

"On receiving possession of the unex-
pired marriage license, any authorized person
may conduct the marriage ceremony."

This section requires that a ceremonial marriage performed

pursuant to the Texas Family Code must be performed by a person authorized under the provisions of Section 1.83, that such authorized person receive possession of an unexpired marriage license and that he conduct the marriage ceremony within this State, Sec. 1.84.

The presence of the parties to the marriage is not specifically required by this Code. No procedure is prescribed for the marriage ceremony itself.

Our opinion is the Texas Family Code leaves to the discretion of the participants the determination of all other procedures and the formalities, if any, regarding the marriage ceremony. We find no requirement whatever that each person to whom the marriage license has been issued be present at the marriage ceremony.

The clearly expressed intent of the Legislature as expressed in the Code relating to the validity of marriage is stated in its following provisions:

> "Chapter 2. Validity of Marriage Subchapter A. General Provisions Section 2.01. State Policy. In order to promote the public health and welfare and to provide the necessary records, this code prescribes detailed and specific rules to be followed in establishing the marriage relationship. However, in order to provide stability for those entering into the marriage relationship in good faith and to provide legitimacy and security for the children of the relationship, it is the policy of this state to preserve and uphold each marriage against claims of invalidity unless strong reasons exist for holding it void or voidable. Therefore, every marriage entered into in this state is considered valid unless it is expressly made void by this chapter or unless it is expressly made voidable by this chapter and is annulled as provided by this chapter . . . ."

No provision in the Code relative to either void marriages (Ch. 2, Subchapter B, Sec. 2.21-2.24) or voidable marriages (Ch. 2, Subchapter C, Sec. 2.41-2.47) is an impediment to a marriage by proxy. In this context see State v. Anderson, 396 P.2d 558 (Ore.Sup. 1964); 170 A.L.R. 947-949, and 52 Am.Jur.2d 873-4, Marriage, Sec. 13.

Proxy marriage was recognized by the common-law of England, 55 C.J.S., Marriage, p. 819. The common-law of England has been adopted in Texas, Article 1, Revised Statutes. Ceremonial proxy marriage is recognized in our sister states that have adopted the common-law, 55 C.J.S., Ib., p. 862 n. 20 (see also, Supp. 1972). Proxy marriage is not the subject of statute in Texas and therefore we conclude that proxy marriage was and is a valid part of our common law. A ceremonial proxy marriage is a ceremonial marriage and the statutes relating to ceremonial marriages are applicable. We therefore conclude that a proxy marriage may be performed in Texas where the other requirements set forth for a marriage are met. We follow the example of other jurisdictions which have held that where the statutes are silent as to marriage by proxy, such a marriage will be valid if the statutory requirements for a ceremonial marriage are met. See State v. Anderson, supra; Barrons v. United States, 191 F.2d 92 (9th Cir. 1951); and In re Valente's Will, 188 N.Y.S.2d 732 (Surrogate's Ct. 1959).

In view of the foregoing it is our opinion that in the event a person authorized under the provisions of Section 1.83 of the Texas Family Code determines that the persons to whom a marriage license has been issued intend to be married, such authorized person on receiving possession of an unexpired marriage license and an authorized proxy, may perform a proxy marriage.

## S U M M A R Y

The requirement of persons applying for a marriage license appearing together or separately before the county clerk may be waived pursuant to the provisions of Section 1.05 of the Texas Family Code. Where a marriage license is issued, a ceremonial marriage may be performed by proxy.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves and Tom Pollan
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Chairman
Harriet Burke
Austin Bray
Fisher Tyler
James Hackney

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant