JULIA E. STILLMAN, Appellant, *v.* GEORGE B. NORTHRUP et al., Respondents.

To render an obligation given to secure a loan void for usury, it is not sufficient to show that the loan was made by an agent of the lender, and that such agent exacted and received for his own benefit, a sum of money over and above legal interest, as a condition of the loan; it is necessary to show that the agent took the bonus with the knowledge and assent of the lender; it is not sufficient to show that the lender knew of the usurious exaction after the loan was made and security given; nor is it sufficient to show he supposed his agent was to receive some compensation for services rendered the borrower in effecting the loan.

The defense of usury, involving crime and forfeiture, cannot be established by mere surmise and conjecture, or by inferences entirely uncertain.

To limit a guaranty so that it shall not be transferable or assignable, its language must be express, and show clearly such to be the intent.

Defendants assigned a bond and mortgage to N.; the assignment contained a guaranty of the payment of the mortgage to N. *Held,* that this

guaranty was not personal, and could be assigned with the bond and mortgage.

*Smith* v. *Starr* (4 Hun, 123) overruled.

Also, *held*, that the guaranty was not inoperative, because, by its terms, it was for payment of the mortgage, not the bond ; that the intent was to guarantee the debt secured by the mortgage.

N. executed an assignment of the bond and mortgage, which did not expressly assign the guaranty; he subsequently executed another including the guaranty. *Held,* that this was sufficient to vest the guaranty in the assignee.

*It seems* an assignment of a bond and mortgage carries with it a guaranty of payment or collection, although not mentioned in the assignment.

(Argued April 20, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made September 15, 1885, which affirmed a judgment in favor of defendants, entered upon the report of a referee.

This action was upon a guaranty contained in an assignment of a bond and mortgage.

About February 1, 1876, Thomas Bishop applied to Nelson F. Stillman, a brother of the plaintiff, for a loan of $1,000, and Nelson, acting as the agent of the plaintiff, made the loan upon a promissory note made by Bishop and indorsed by the defendants. At the time of making the loan, and as a condition thereof, Nelson demanded of Bishop $50 over and above the legal rate of interest, and Bishop paid him that sum. The note was not paid at maturity and the defendants were charged as indorsers thereon. On the 10th day of February, 1877, the defendants obtained from Bishop a mortgage upon certain real estate owned by him for the purpose of securing themselves as indorsers and of obtaining an extension of time to Bishop for the payment of his note, and also of transferring the same to the holder of the note so that it would take the place thereof. Thereafter, on the seventeenth day of the same month, the defendants transferred and assigned the mortgage, together with the bond accompanying the same, to Nelson, who then held the note as the agent of the plaintiff, and he surrendered the note to the defendants: In

the written assignment the defendants guaranteed the payment of the mortgage in the following language: "And the said Orville B. Northrup and George B. Northrup, for value received, hereby guaranty the payment of the above-named mortgage hereby assigned by them to the said Nelson F. Stillman." On the 26th day of September, 1877, Nelson assigned the bond and mortgage to the plaintiff without mentioning the guaranty; and on the 21st day of July, 1880, he executed a further assignment of the bond and mortgage to the plaintiff by which the guaranty was expressly assigned. Bishop, the mortgagor, died insolvent, the mortgaged premises were sold upon the foreclosure of a prior mortgage, and the entire proceeds were used to apply upon that mortgage. Plaintiff commenced this action to recover upon the guaranty the amount due to her upon her bond and mortgage. The defendants alleged in their answer that the note indorsed by them was void for usury, and that the mortgage, a substituted security, was void for the same cause.

Other facts, so far as material, appear in the opinion.

*Scripture & Backus* for appellant. There was no proof that plaintiff understood that her agent was to receive a greater sum of money than the legal rate of interest, and hence no necessary inference that she did. (*Morris* v. *Talcott*, 96 N. Y. 107; *Booth* v. *Swezey*, 8 id. 280; *Valentine* v. *Conner*, 40 id. 253; *Van Wyck* v. *Walters*, 81 id. 355; *Mut. L. Ins. Co.* v. *Kashaw*, 66 id. 548; *In re Consalus*, 95 id. 344; *Estevez* v. *Purdy*, 66 id. 446; *Phillips* v. *MacKellar*, 92 id. 34; *Morton* v. *Thurber*, 85 id. 550; *Lee* v. *Chadsey*, 2 Keyes, 543; *Guggenheimer* v. *Geisler*, 81 N. Y. 293; *Betz* v. *Davis*, 13 W. D. 547; *Bell* v. *Day*, 32 N. Y. 165.) The terms used and the language employed in the guaranty are to have a reasonable interpretation according to the intent as disclosed by the instrument read in the light of the surrounding circumstances. (Baylies on Sureties, etc., 111, 112; *Belloni* v. *Freeborn*, 63 N. Y. 383; *Crist* v. *Burlingame*, 62 Barb. 351; *Smith* v. *Starr*, 4 Hun, 123; *Craig* v. *Parkis*,

40 N. Y. 181; Fell on Guaranty, etc. 123.) The defense of usury must be proved as alleged. (*Long Island Bank* v. *Boynton*, 105 N. Y. 656; *N. O. G. L. & B. Co.* v. *Dudley*, ·8 Paige, 452, 458; *Vroom* v. *Ditman*, 4 id. 256.)

*Charles H. Searle* for respondents. The guaranty in suit was substituted security for the $1,000 note and was tainted with usury if the note was. (*Reed* v. *Smith*, 9 Cow. 617; *Steele* v. *Whipple*, 21 Wend. 103; *Jackson* v. *Packard*, ·6 id. 415: *Vickery* v. *Dickson*, 35 Barb. 96; *McCraney* v. *Cape*, 46 id. 272; *Stanley* v. *Whitney*, 47 id. 585; *Cope* v. *Wheeler*, 41 N. Y. 303; *Dunning* v. *Merrill*, Clark Ch. 252.) The guaranty was personal to N. F. Stillman, and was, therefore, not assignable. (*Smith* v. *Starr*, 4 Hun, 123; *Hayden* v. *Crane*, 1 Lans. 181; *Ludlow* v. *Simond*, 2 Cai. Cases, 29, 30; *Ward* v. *Stahl*, 81 N. Y. 406; *Nat. Mech. Bkg. Assn.* v. *Conkling*, 90·id. 116.) If the guaranty is ambiguous, so that its language fails to clearly show whether it runs to N. F. Stillman or is general, then it was proper to prove the ·circumstances under which it was drawn to ascertain the intention of the parties. (*French* v. *Carhart*, 1 N. Y. 96; 102; *Springsteen* v. *Lamson*, 32 id. 703, 706; *Griffiths* v. *Hardenberg*, 41 id. 464; *Field* v. *Munson*, 47 id. 221; *Western Life Ins. Co.* v. *Clinton*, 66 id. 326.) Under the issues made it was admissible to show all the circumstances attending the execution of the guaranty, and the agreement of the parties and the direction given to the attorney who drew the instrument. (*Many* v. *Beekman Iron Co.*, 9 Paige, 188; *Pitcher* v. *Hennessey*, 48 N. Y. 415; *Maher* v. *Judd*, 21 id. 200, 203.) The attorney was directed to draw a personal guaranty, and he intended to do it. If such is not the construction to be given the paper, it was his mistake, and for such error the instrument may be reformed. (*Wood* v. *Camp*, 28 Ga. 74; 5 Wait's Actions and Defenses, 447.) The guaranty was not ·of the payment of the bond, but of the mortgage, and was, therefore, a nullity. (*Cooper* v. *Newland*, 17 Abb. 342; *Merrit* v. *Burtholick*, 36 N. Y. 44; *Aymar* v. *Bill*, 5 Johns.

Ch. 570; *Robinson* v. *Robinson*, 1 Lans. 117, 119; *Jackson* v. *Willard*, 4 Johns. 40, 43; *Smith* v. *Smith*, 9 Abb. [N. S.] 420.) After the assignment of the bond and mortgage by N. F. Stillman in September, 1877, he had no right or interest in the guaranty, and the same was extinguished. (*Bishop* v. *Alcott*, 86 N. Y. 503; *Aymar* v. *Bill*, 5 Johns. Ch. 570; *Jackson* v. *Bronson*, 19 id. 325) The guaranty did not embrace the bond nor the indebtedness. It is simply "the payment of the mortgage." It must be construed strictly and in favor of the guarantors. (*Hayden* v. *Crane*, 1 Lans. 181; *Vanderbilt* v. *Schuyler*, 21 Hun, 537; *Craig* v. *Parker*, 40 N. Y. 181; *Northern Ins. Co.* v. *Wright*, 76 id. 445.)

EARL, J. If the note made by Thomas Bishop and indorsed by the defendants for the money borrowed of the plaintiff was void on account of usury, then the substituted security, the mortgage given to secure the same debt, was tainted with the same infirmity and also void.

There is no proof or claim that the plaintiff received any part of the $50, which was exacted by her brother as a condition of the loan to Thomas Bishop, or that she had any benefit whatever therefrom. It is undisputed that she actually loaned and advanced to Bishop $1,000, the full amount of the note, that the money loaned belonged to her, and that her brother acted as her agent in making the loan. There is no proof whatever that she authorized him to take or exact more than the legal rate of interest, and it is undisputed that he took and exacted it for himself and that he had the sole benefit of it.

To render the note void for usury, it was not sufficient for the defendants merely to show that plaintiff's agent took and exacted the $50 as a condition of the loan. But it was incumbent upon them to show that he took the $50 with the knowledge and assent of the plaintiff, so that she, at least by acquiescence, became a party to the usurious exaction. (*Condit* v. *Baldwin*, 21 N. Y. 219; *Estevez* v. *Purdy*, 66 id. 447; *Van Wyck* v. *Watters*, 81 id. 352; *Philips* v. *Mackellar*,

92 id. 34.) And the burden of establishing such knowledge and acquiescence on the part of the plaintiff rested upon the defendants, and they were bound to sustain that burden by satisfactory evidence. The defense of usury involving crime and forfeiture cannot be established by mere surmise and conjecture, or by inferences entirely uncertain. If, upon the whole case, the evidence is just as consistent with the absence as with the presence of usury, then the party alleging the usury has failed; and so it has been repeatedly held. (*Booth* v. *Swezey*, 8 N. Y. 276, *Valentine* v. *Conner*, 40 id. 248; *Matter of Accounting of Consalus*, 95 id. 340; *Morris* v. *Talcott*, 96 id. 100)

It is not sufficient in this case for the defendants to show that the plaintiff knew of the usurious exaction after she had made the loan and the note had been given; she must have known of it at the time. Nor is it sufficient to show that she supposed that her agent was to receive some compensation for services which he rendered to the defendants. There is evidence that, at the request of Thomas Bishop, the borrower, he went from his home in Oneida county to Madison county to look at a farm with the view of taking a mortgage on it as security for the loan, and that he spent some time in negotiating the loan, which ultimately culminated in the note; and if the plaintiff supposed that the borrower was to pay her agent something for the trouble and services which he rendered to him in effecting the loan, that would not be sufficient to show that she had knowledge of any usurious exaction.

We have carefully read and scrutinized the evidence in this case and we think there is a total failure of proof to show that the plaintiff had any knowledge whatever of the exaction made by her agent, or that at the time of the loan she assented thereto or acquiesced therein.

Nelson F Stillman, as a witness, testified positively that, so far as he knew, the plaintiff had no knowledge or information whatever that he had received the fifty dollars, and that he did not tell her anything about it; and she testified that she had no knowledge or information whatever as to the payment

of the fifty dollars. She was not present at the time the note was taken by her agent or the money drawn upon the check given by her, and she denied most emphatically that she had any knowledge whatever of the alleged usurious exaction. Upon her cross-examination, conducted with great persistence and skill, she was made to testify that she supposed her brother was getting some compensation for his trouble from the borrower. Even if she knew that, it was not sufficient to show that she knew he was taking more than legal interest for the loan of the money, or that he was making any usurious exaction. But it does not appear when she supposed that, nor does it appear that she had any knowledge upon the subject. It was a mere supposition that he was to have compensation for his labor. The only other evidence was that of one of the defendants, Orville B. Northrup, who testified that he had a conversation with the plaintiff more than three years after the money was loaned and the note taken as follows: "I asked Mrs. Stillman if she knew Nelson F. Stillman took fifty dollars; she said she knew it but that she did not receive any of it." It does not appear from this when she learned that her agent took fifty dollars. Her answer to the inquiries does not necessarily or properly imply, in view of her entire evidence and all the other evidence in the case, that she knew it at the time of the loan. Her answer to the question put by Northrup, that "she knew it," is just as consistent with the claim that she knew it afterward as with the claim that she knew it at the time, and it cannot be said upon this evidence that these defendants have sustained the burden of showing that she knew of the alleged usury and acquiesced in it at or before the time it was taken and exacted.

We are, therefore, of opinion that the defendants, within the rules of law above alluded to, have failed to establish the defense of usury which they alleged in their answer.

Upon the trial of the action the defendants claimed that their guaranty was personal to Nelson F. Stillman, and was, therefore, not assignable, and they offered to show what the con-

versation was at the time the mortgage was assigned and the guaranty given, which, being objected to on the part of the plaintiff, they asked to amend their answer " by setting up the fact that this guaranty was directed to be drawn to Nelson F. Stillman, personally ; and that was the intention of the parties at the time, that it should be drawn to Nelson F. Stillman, personally ; and we ask that it may be reformed in that respect, if it don't already read so, to conform with the intention of the parties at the time." Plaintiff's counsel objected to the allowance of the amendment, and the objection was overruled and the amendment was allowed. The answer, however, was not amended, and appears in the record as it was originally drawn. Some evidence was thereafter given tending to show that it was the intention of the parties that the payment of the mortgage should be guaranteed to Nelson F. Stillman. There was no evidence that the guaranty as written did not express the true intention of the parties. But the referee held that the assignment, as written, was personal to Nelson F. Stillman, and was, therefore, not assignable. He did not order the guaranty to be reformed, and we are therefore to construe its language as we find it in the record. It does not appear in the evidence that there was any reason for limiting the guaranty to Nelson F. Stillman. The note which the plaintiff held, and which at the time of the guaranty was in the hands of her agent, was perfectly good, the defendants being entirely solvent and able to pay. The land mortgaged was represented by the defendants to be ample security, and they were asked to guarantee the payment of the mortgage and did so. There was no agreement and no conversation that the effect of the guaranty was to be lost in case Nelson F. Stillman assigned the mortgage. It is true that a guaranty could be so drawn as to be personal and to have force and effect only as to the person to whom it is given, and so as not to be transferable or assignable to any other person. But in order thus to limit a guaranty the language should be plain and peculiar, and the intention of the parties should not be left in uncertainty. Here, by the plain language,

there is an absolute guaranty of the payment of the mortgage, and it is described as a mortgage assigned to Nelson F. Stillman, and there is no limitation of the guaranty to him personally. But even if the guaranty should be construed as a guaranty of payment to Nelson F. Stillman, it would yet be a guaranty which he could assign with the mortgage. Like any other promise made to him, it could be assigned and could be enforced by any party to whom it was assigned.

The case of *Smith* v. *Starr* (4 Hun, 123), is much relied upon by the defendants to sustain their contention. We do not yield to the authority of that case and are not satisfied that it was well decided. It rests upon no authority and is not well supported by reason. This is not like a bond conditioned for the honesty or fidelity of a clerk or agent. Such bonds are personal to the obligees, and cannot before breach be transferred so as to inure to the benefit of other parties. Therefore, the cases of *Wright* v. *Russell* (3 Wilson, 530), *Barker* v. *Parker* (1 Term R. 287), and other cases cited in *Smith* v. *Starr*, are not applicable to such a guaranty as this. There is nothing personal about the guaranty of the payment of a mortgage, and it can only be made so by very express and plain language.

Instead of guaranteeing the payment of the bond the defendants guaranteed the payment of the mortgage, and the claim is now made that the guaranty is inoperative, as the mortgage was a mere security for the principal debt represented by the bond. But the question is, what did the defendants mean by the language which they used? They assigned both the bond and mortgage and intended to give an effectual guarantee of the debt secured by the mortgage, and the language must be so construed. There was no intention to give an inoperative guaranty, but the intention was to give one which should be in the hands of the party to whom it was given an effectual security, and the guaranty must be applied to the debt secured by the mortgage.

It is further claimed that the first assignment of the bond

and mortgage by Nelson F. Stillman to the plaintiff did not convey to her the guaranty. Even if that were so, we think the subsequent assignment of the bond, mortgage and guaranty to her was effectual to vest the guaranty in her. If, by mistake, when the first assignment was made, the parties omitted to assign the guaranty, that mistake could certainly be corrected by a subsequent assignment so as to convey to the plaintiff what it was originally intended she should have. And this is more clearly so as Nelson F. Stillman was all the time her agent, took the guaranty as her agent, and intended to do what the law would have compelled him to do, namely, to vest in her the entire security which he had taken for her debt. But it is well settled that the assignment of a bond and mortgage carries with it the guaranty of payment or collection, although not mentioned in the assignment. (*Craig* v. *Parkis*, 40 N. Y. 181.) The transfer of the debt to the plaintiff carried with it, as incident thereto, all the securities for its payment.

We are, therefore, of opinion that the action was not well defended and that the judgment should be reversed and a new trial ordered before a new referee, costs to abide event.

All concur.

Judgment reversed.