ALBERT A. BLIVEN, Appellant, v. SMITH LYDECKER and Others, Respondents.

*Usury — exacted by an agent — knowledge thereof or assent thereto by the principal must be shown to render the obligation void.*

In order to render an obligation for the payment of money, by way of mortgage or otherwise, void on the ground of usury, it must be clearly shown that the party loaning the money had knowledge of the usury or assented thereto.

No usurious payment exacted by the agent of the borrower will invalidate the obligation, unless knowledge thereof or assent thereto on behalf of his principal is shown beyond a reasonable doubt. Proof of knowledge thereof subsequent to the loan is not sufficient.

Appeal by the plaintiff from a judgment, dismissing the complaint on the merits, entered, after a trial at a Special Term held in Westchester county, in the office of the clerk of the county of Rockland on the 1st day of July, 1889.

*Garret Z. Snider*, for the appellant.

*Irving Brown*, for the respondents.

Barnard, P. J.:

The action in this case is one for foreclosure of a mortgage, and the defense to the same is based upon the usury exacted from the borrower by John W. Schuler, acting as agent for his wife Margaretta Schuler. The mortgage in this case was executed March 25, 1879, and dated February 1, 1879, and has been transferred by a subsequent assignment to the plaintiff Bliven. The

testimony on behalf of the defendant, tends to show that the mortgage, amounting to $4,000, was made up of the following items:

| | | |
|---|---:|---:|
| Note dated December 12, 1878 | $1,000 | 00 |
| Interest three months and thirteen days | 20 | 03 |
| Note dated February 15, 1879 | 1,800 | 00 |
| Interest one month and ten days | 14 | 00 |
| Note dated January 18, 1879 | 200 | 00 |
| Interest two months and seven days | 2 | 59 |
| Ten per cent on $4,000 | 400 | 00 |
| Cash from Mr. Schuler | 563 | 38 |
| Total sum included in mortgage | $4,000 | 00 |

There is no evidence in this case bringing the details of the loan home to Mrs. Schuler, or showing that she took any part, active or passive, in effecting the same. The testimony of Smith Lydecker, for the defense, expressly states that he never heard her name mentioned in connection with the transaction until John W. Schuler said that he wished the mortgage to be made out in her name. In order to render an obligation by way of mortgage or otherwise void on account of usury, the recent decisions in this State seem to demonstrate that it is necessary to clearly establish knowledge and assent on the part of the lender, and that no usury on the part of an agent is fatal to the validity of an obligation unless such assent is shown beyond a reasonable doubt. In the case under consideration, there is nothing in the evidence to justify the finding in support of such assent. (*Stillman* v. *Northrup*, 109 N. Y., 473, cited and approved in *Baldwin* v. *Doying*, 114 id., 453; *Phillips* v. *Mackellar*, 92 id., 34.)

In *Stillman* v. *Northrup*, cited above, the court says: "It was not sufficient for the defendants merely to show that plaintiff's agent took and exacted the fifty dollars as a condition of the loan. But it was incumbent upon them to show that he took the fifty dollars with the knowledge and assent of the plaintiff, so that she, at least, by acquiescence, became a party to the usurious exaction."

The tendency and spirit of the cases above referred to, seem to overrule the decision in *Wyeth* v. *Braniff* (84 N. Y., 627) and to establish a more just and equitable rule than that there laid down.

In *Stillman* v. *Northrup*, the court further decides that any subsequent knowledge, after the date of the making of the loan by the lender in regard to usury on the part of the agent in connection with the making thereof, even if proved, makes no fatal objection to the force and validity of the obligation.

The judgment, therefore, should be reversed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.