by the defendant at the trial, but the affidavit does not disclose that that evidence was discovered by the plaintiff since the trial. From the appearance of the above facts, the court is satisfied that the ends of justice will be promoted by allowing the plaintiff an opportunity to present the newly-discovered evidence. Baylies, New Trials, pp. 524, 525.

The order denying the motion for a new trial on the ground of newly-discovered evidence is reversed, without costs of this appeal, and the said motion is granted on the payment of costs by the plaintiff to the defendant. Those costs are not discretionary. Davis v. Insurance Co., 5 App. Div. 36, 39 N. Y. Supp. 71.

The conclusion reached makes the consideration of the other appeals unnecessary. All concur.

---

(19 Misc. Rep. 433.)

### JENNINGS v. KASMAK.

(City Court of New York, General Term. February 23, 1897.)

1. USURY—EVIDENCE NOT SUSTAINING.
    Usury is not sustained by evidence that plaintiff paid to the maker $900 for two notes; the face value of the one sued on being $480, and that of the other, not in suit, $560.

2. TRIAL—REMARKS OF COURT AND COUNSEL.
    It was not reversible error for plaintiff's counsel, in his summing up in an action on a note, to refer to rates of interest in other states, in the absence of evidence to that effect; nor for the court to characterize, in the presence of the jury, the defense of usury as an unconscionable one, where, under the pleadings, there was insufficient evidence to support a finding by the jury of usury. Schuchman, J., dissenting, because, under the pleadings, the question of usury was for the jury, who were prejudiced by the remarks.

Appeal from trial term.

Action by James Jennings against Emil H. Kasmak on a note. From a judgment on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and SCHUCHMAN and O'DWYER, JJ.

I. Newton Williams, for appellant.
Mulqueen & Mulqueen, for respondent.

O'DWYER, J. This action was brought to recover the sum of $480 on a promissory note dated the 20th day of May, 1893, and payable in two months thereafter, made by Louisa Bauer to the order of herself, and indorsed by the defendant. The answer alleged that the note in suit was given in renewal of a note indorsed by the defendant for Louisa Bauer in the year 1890. Two defenses were interposed,—the first, that the plaintiff in this action, without notice to the defendant, had extended the time for the payment of the note in suit, and had accepted three notes; that those notes were taken by the plaintiff without the knowledge or consent of the defendant; and that the defendant, being an accommodation indorser, was released from his obligation to pay the note by this act of the plaintiff. The

second defense alleged the making of the note in 1890, and that the plaintiff accepted this note as collateral security for the sum of $336, reserving interest at the rate of 30 per cent. per annum, and that, as the defendant was an accommodation indorser, this act constituted usury, and he was not liable. The learned trial justice properly took from the jury all consideration of the first defense. It clearly appears that the plaintiff had not agreed to extend the payment of the note in such a manner as to relieve the defendant. Plaintiff was willing to extend the time of payment and accept other notes, upon condition, however, that the defendant indorse them, and not otherwise; and, defendant failing to indorse the new notes, there was no extension of the original obligation.

In support of the second defense, the witness Bauer testified that in May, 1893, he had two notes,—one for the sum of $480, indorsed by the defendant herein, and the other for the sum of $560, indorsed by Mr. Andy Horn; that for both of these notes he received from the plaintiff the sum of $900. At folio 59 of the case he testifies:

"I did not at any time, either before or after the conversation I had with Jennings, at which these two notes with Horn's indorsement and Kasmak's indorsement were discounted or purchased by Jennings, receive any more money than the sum of nine hundred dollars."

It is a well-established rule of law that the defense of usury must be pleaded with distinctness and particularity, and that the burden of proving the defense as pleaded is upon the defendant. It is stated in the answer that the note was made in 1890, and that the plaintiff took it as a security for a loan of $360, and agreed at that time to charge and receive 30 per cent. per annum interest. All the authorities are agreed in stating that usury must be strictly proved as pleaded, and a most careful examination of the whole record does not disclose a single mention of any transaction between plaintiff and Bauer in 1890. It does not appear that plaintiff ever paid $336 for this note, or that he ever agreed to take 30 per cent. interest. After counsel for the plaintiff had summed up the case to the jury, the court inquired of the defendant, "Where is the evidence of usury on the giving of the notes in 1890?" And thereupon defendant's counsel asked leave to amend the answer by making it conform to the proof, and this motion was granted. Notwithstanding the lateness of this application, if there was evidence sufficient to support a finding by the jury of usury, we would hold the references of counsel to the rates of interest charged in the other states, and the characterization by the court, in the presence of the jury, of the defense of usury as an unconscionable one, sufficient error to reverse the judgment and order a new trial. With the pleadings amended to suit the proof, there is no evidence of usury in the case, and no different verdict could have stood. What is the testimony? That the plaintiff paid Bauer the sum of $900 for two notes,—one of them the note in suit, for the sum of $480, and another note (about which we know nothing) for the sum of $560. Admitting that Bauer's statement was true,—that the plaintiff only paid $900 for the notes,—there is no evidence before the court to show how much was paid for the note of $480, the one in suit. For aught that appears, the note for the sum of $560 was

business paper, which could have been sold for any amount of money, and the full sum of $480 paid for the note in suit.   For any evidence to the contrary, Bauer had a perfect right to dispose of the $560 note for any sum that he pleased.   There is nothing in Bauer's testimony on which we can base an opinion that less than the full amount was paid for the note in suit.   It has been many times decided that the burden of proving usury is on the party alleging it.   It was not necessary for the plaintiff to establish affirmatively that he did not take usury, but it was necessary for the defendant to establish by a fair preponderance of evidence that the sale of the $480 note was usurious, and the burden thus imposed he had failed to sustain.   All the cases hold that if, upon the whole case, the evidence is as consistent with the absence as with the presence of usury, the party alleging it has failed in his proof (Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379), and this is such a case.

The judgment and order appealed from should be affirmed, with costs.

VAN WYCK, C. J., concurs.

SCHUCHMAN, J. (dissenting).   Bauer testifies as follows:

"I asked the plaintiff whether he would discount the notes for me, and he said he would, and that it would cost me about one hundred and forty dollars. I asked him to discount both notes, and he said it would cost about one hundred and forty dollars, and I said: 'Well, I need the money. I have to pay some other notes,' " etc.

The notes referred to are the $480 one and the $560 one, and the plaintiff gave Bauer a check for the sum of $900 (defendant's Exhibit No. 2) for the said two notes.   This shows that, if there was usury, both of these notes were tainted therewith.   The above evidence, in my mind, constitutes an agreement on the part of the plaintiff to exact more than the legal rate of interest, and amounts in law to usury.   The motion for leave to amend the answer by making it conform to the proof was granted.   The case was therefore a proper one to be submitted to the jury on the question of usury.   On the summing up by the plaintiff's counsel, he said to the jury that the legal rate in Ohio was 10 per cent., and in Illinois and some other Western states people paid 10 per cent., and as high as 20 per cent., for the use of money, etc.; and the trial judge himself told the jury that the defense of usury was an unconscionable one.   There was no evidence in the case in regard to those statements of facts, nor in regard to the laws of those states on the question of their "lawful rate of interest." Defendant's counsel objected thereto, and asked the court to direct the plaintiff's attorney to confine himself, in his summing up, to the evidence, etc., and took exception.   I maintain this was error, and that said objectionable matters referred to by the plaintiff's counsel to the jury influenced them prejudicially to the defendant's side of the case.   For said reasons I dissent, and maintain that the judgment and order appealed from should be reversed, and a new trial granted.