FRIEDMAN v. BRUNER et al.

(Supreme Court, Appellate Term. December 13, 1898.)

1. USURY—PLEADING—BURDEN OF PROOF.
　　Defendants having alleged that the note in suit was usurious, the burden rested on them of establishing that fact.

2. SAME—PRINCIPAL AND AGENT—COMMISSIONS.
　　The defense of usury is not established where it is not shown that the payee authorized, or knew or was affected with notice that his agent, in negotiating the loan, exacted, a commission on which the usury was predicated, or received any portion of the sum.

Appeal from municipal court, borough of Manhattan, First district.

Action by Theodore Friedman against Marie L. Bruner and Fritz G. Schneider. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

David M. Neuberger, for appellants.
Paul Hellinger, for respondent.

BEEKMAN, P. J. The defendants having alleged that the note in suit was tainted with usury, the burden rested upon them of establishing that fact by a preponderance of evidence. Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379; Baldwin v. Doying, 114 N. Y. 452, 21 N. E. 1007. As the trial justice has rendered judgment in favor of the plaintiff, it must be assumed that wherever there was a conflict of evidence it was resolved in favor of the latter; and the only question before us is whether, from that point of view, the proofs were of such a character as to support a finding that the defendants had failed to sustain the burden of proof with respect to the defense which was interposed. We think there was room for such a conclusion. It is true that it was established that the agent for the plaintiff who carried the transaction through did exact the payment to himself of a commission, on which the charge of usury is predicated; but there is no proof whatever tending to

show that this was authorized by or known to the plaintiff, or that he received any portion of the sum so exacted, or was affected with notice of his agent's unlawful act.     The absence of such proof has been held to be fatal to such a defense.     In Stillman v. Northrup, supra, it is said (page 477, 109 N. Y., and page 380, 17 N. E.):

"To render the note void for usury, it was not sufficient for the defendants merely to show that plaintiff's agent took and exacted the $50 as a condition of the loan.     But it was incumbent on them to show that he took the $50 with the knowledge and assent of the plaintiff, so that she, at least by acquiescence, became a party to the usurious exaction.     Condit v. Baldwin, 21 N. Y. 219; Estevez v. Purdy, 66 N. Y. 447; Van Wyck v. Watters, 81 N. Y. 352; Phillips v. Mackellar, 92 N. Y. 34.     And the burden of establishing such knowledge and acquiescence on the part of the plaintiff rested upon the defendants, and they were bound to sustain that burden by satisfactory evidence.     The defense of usury, involving crime and forfeiture, cannot be established by mere surmise and conjecture, or by inferences entirely uncertain.     If, upon the whole case, the evidence is just as consistent with the absence as with the presence of usury, then the party alleging the usury has failed; and so it has been repeatedly held."

It follows that the judgment must be affirmed.
Judgment affirmed, with costs.     All concur.