### FERGUSON v. BIEN et al.

#### (Supreme Court, Appellate Term. June 26, 1905.)

1. PROMISSORY NOTES—DEFENSE—USURY—BURDEN OF PROOF.

The burden of proving usury as a defense to a note sued on is on defendant.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1681; vol. 47, Cent. Dig. Usury, § 308.]

2. SAME—INSTRUCTIONS—CURING OF ERRORS.

An instruction in an action on a note, defended on the ground of usury, that its validity is presumed but subject to rebuttal, and when rebuttal testimony is given the burden shifts to the maker, does not cure the error in an instruction that, if the jury cannot make up their minds as to who to believe, plaintiff has failed to make out a case, as the expression about the shifting of the burden may be taken to imply relief of defendant from his burden of satisfying the jury of his defense, which rests with him to the end.

Appeal from City Court of New York, Trial Term.

Action by Julius M. Ferguson against Franklin Bien and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

J. Aspinwall Hodge, for appellant.
Franklin Bien and William Klein, for respondents.

MacLEAN, J. Usury was one of the defenses in this, an action upon a promissory note, and over it there was sharp contradiction. The plaintiff rested upon the presumption arising from possession of the note, its introduction in evidence, proof of partial payments thereon, and of the interest. The defendants, in turn, gave evidence of a deduction from the face value of the note, and of statements by the plaintiff's son, acting as agent in the transaction. Respecting their controversy, the learned trial justice charged at length, and so explicitly that no exception was, or well could be, taken by either side. Then the defendants' counsel asked that the jury be charged as matter of law that, "if the jury cannot make up their minds as to who to believe, the plaintiff has failed to make out his case, and defendants are entitled to a verdict." To which the court said, "I charge so, because it is by a preponderance of the credible evidence that the plaintiff should prevail." This was not the law of the case. He that affirms of another an unlawful act is bound to affirmative proof of that which makes the act unlawful. Were the oral evidence eliminated by disbelief of both the plaintiff and the defendants, the verdict would needs have been for the plaintiff upon his prima facie case. After attention had been called to error

by the plaintiff's counsel saying, "We except to that, because in a defense of usury the burden of proof is upon the defendant, the justice further observed, "The validity of the note is presumed, but that is subject to rebuttal, and when the rebuttal testimony is put in, then the burden shifts again on the maker of the note, and he must establish that by a fair preponderance of the evidence." This not unfamiliar phrasing, arising from use of "burden" with diverse meanings, did not remedy the charge. "The presumption is, of course, that the law was not violated." Morrison v. Verdenal (Sup.) 5 N. Y. Supp. 607. The charge made on request of the defendants still standing, the expression about a shifting of the burden might be taken to imply possible relief of the defendants from their burden of satisfying the jury affirmatively of the truth of their allegation that the plaintiff took interest exceeding the legal rate and with corrupt intent—a burden subsisting to the end. Stewart v. Drake, 46 N. Y. 455; Stillman v. Northrup, 109 N. Y. 478, 17 N. E. 379. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.