### CAMERON et al. v. FRASER et al.

(Supreme Court, Trial Term, Albany County. July, 1905.)

1. USURY—PRESUMPTIONS.
   Usury is not presumed, but every presumption is against it.
2. ACTION ON NOTE—COMPLAINT—OBJECTION THAT IT SHOWS USURY.
   A complaint in an action on a note, which alleges in addition to the usual allegations that defendant received plaintiff's checks aggregating the amount of the note, that defendant promised to issue to plaintiff shares of stock of a corporation, and that subsequently stock was assigned to plaintiff, and that it never had any value, does not necessarily show that the transaction was usurious, for the stock may have been transferred as collateral, or for some lawful consideration in connection with the note transaction.
3. USURY—CONTRACT—CONSTRUCTION—PAROL EVIDENCE.
   An instrument which recites that the maker of a note received from the payee checks aggregating the amount of the note, and which concludes with an agreement on the part of the maker to transfer corporate stock to a certain amount to the payee, does not necessarily show that the transaction relating to the note was usurious, but parol evidence is admissible to show the consideration for the transfer of the stock.

Action by Edward M. Cameron and another against Simon F. Fraser and others. On motion for nonsuit reserved until after verdict of the jury. Denied.

Cameron & Ward, for plaintiffs.
Buchanan, Lawyer & Whalen, for defendants.

COCHRANE, J. This action is to recover on a promissory note which was given to renew a prior promissory note originally given for money loaned. The defense is usury. The complaint, in addi-

tion to the usual allegations pertinent to such an action, contains additional and unnecessary allegations, which, epitomized briefly, are, in effect, that at the time of the delivery of the original note the defendants received the plaintiffs' checks aggregating the amount of such note, and also promised to issue to each of the plaintiffs five shares of the capital stock of the American Ball Trap Company of $100 each, and that subsequently such stock was assigned to the plaintiffs, and that it never had any value. The defendants assert that such allegations show on the face of the complaint the usurious character of the promissory note, and that the complaint for such reason fails to state a cause of action. The allegations of the complaint thus criticised, together with others alleging an assignment of a bond and mortgage as collateral security, are superfluous and redundant, and, so far as the form of the complaint is concerned, might with greater propriety have been omitted. The entire second paragraph of the complaint composing the greater part thereof might have been omitted, and what would then remain would constitute all that is necessary or usual to set forth a complete cause of action on a promissory note. But these superfluous allegations in the complaint do not destroy it as a pleading. In considering the sufficiency of the complaint we must do so independently of the evidence produced at the trial. The question is whether the complaint would have been obnoxious to a demurrer had one been interposed. Usury cannot be presumed. Every presumption must be against the violation of the law, and, if a transaction can be construed in such a way as to render it valid, such construction should be given to it, rather than one which would render it illegal and criminal. Marvin v. Feeter, 8 Wend. 533; Cutler v. Wright, 22 N. Y. 472; Morrison v. Verdinal, 53 Hun, 63, 5 N. Y. Supp. 606, affirmed 126 N. Y. 630, 27 N. E. 410; Meaker v. Fiero, 145 N. Y. 165, 170, 39 N. E. 714; Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379. Construing the complaint in the light of this well-established principle and independently of the evidence, it needs only to be said that it does not necessarily follow that the stock certificates referred to in the complaint were delivered to the plaintiffs pursuant to a usurious agreement. So far as appears from the complaint, such stock may have been transferred as collateral security for the payment of the note, or for some lawful consideration in connection with the note transaction; and if the entire transaction set forth in the complaint is equally consistent with innocence or crime, such construction must be given to it as will render it a lawful and innocent transaction. The complaint therefore cannot be dismissed because of the failure to state therein a cause of action.

Considering now the evidence, I think it is of such a nature as to justify the jury in finding that the stock certificates constituted no part of the consideration of the note. The jury could find, as they have found, that the negotiations which resulted in the note were conducted independently of the negotiations which resulted in the delivery of the stock certificates; that in fact the latter negotiations antedated the former negotiations. The stock in question was the stock of a corporation in which the defendants were substantially

the only persons interested. The purpose of the corporation was the construction and sale of a patented trap or device used in plumbing. The plaintiffs were contractors engaged in the construction of buildings. It was the purpose of the defendants that the plaintiffs should recommend in their business the use of this patented trap or mechanical device, and otherwise exert their efforts in promoting the sale thereof and in advancing the interests of the corporation. The plaintiffs had promised to do so before the loan was made, and there is evidence that they kept their promise. This was a valid contract, and constituted a good consideration for the delivery of the stock certificates, independently of the note in question. When the loan was made, and the note therefor was delivered, the parties, although not lawyers, essayed the duties of a lawyer in placing their transactions in written form, and in so doing they combined in one written instrument what the jury have found to be two independent and disconnected transactions; and it is because of their bungling effort to perform that which only a legal mind could with certainty properly perform that they have become involved in this litigation, for the defense seems to be based principally on this abortive written instrument, conceived and brought forth by these men, whose merits, however great, do not exist in the formulation of written legal instruments. This instrument in question first recites the receipt of checks aggregating the amount of the promissory note. It then contains other matter not important to this discussion. It concludes with an agreement to issue shares in the company in question to the amount of $500 to each one of the plaintiffs. The argument of the learned counsel for the defendants is that the plaintiffs are confined to this written instrument, and that, as such instrument shows no other consideration for the stock transfer, therefore it is to be conclusively presumed that the stock and note were given for the same consideration. The instrument does not so state, however. It does not state, it is true, the independent consideration which the jury have found existed for the transfer of the stock. It does not state any consideration whatever for the stock transfer. But it recites in the first part thereof that the checks of plaintiffs, aggregating the amount of the note, were received "in full for note." The argument of the defendants proves too much, for if, as is contended in their behalf, we must confine ourselves to the instrument itself, then, such instrument showing on its face that the checks were "in full for note," it necessarily follows that the stock certificates were not given "for note." What has been heretofore said in reference to construing the complaint in such a manner as to give the transaction therein alleged validity, rather than to bring the same within the condemnation of the criminal law, applies also to this instrument. But no legal principle is better settled than that the actual consideration of a written instrument may be shown even though to that extent it varies the consideration as expressed in the writing itself. And I think it was competent for the plaintiffs to prove what the actual transaction was, and what was the real consideration for the note and for the transfer of the stock in question. The fact that the note transaction and the stock transaction were coupled

in one instrument is a circumstance the significance of which was for the jury. The defendants ask why, if the plaintiffs' explanation is correct, the complaint should contain any allegation as to the stock, and why the stock or its value should be material to the cause of action as alleged in the complaint. These are questions not without force as bearing on the probability of plaintiffs' testimony, but they are questions for the jury, and not for the court, and the jury is satisfied with the plaintiffs' explanation.

Motion for nonsuit denied.