SILVERMAN v. KATZ et al.

(Supreme Court, Appellate Term. January 21, 1910.)

1. USURY (§ 56*)—BONUS OF AGENT.
   That the lender's agent exacted a bonus from the borrower does not render the transaction usurious, where the lender received no part of the bonus and had no knowledge of such exaction.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 122–127; Dec. Dig. § 56.*]

2. USURY (§ 113*)—EVIDENCE—PRESUMPTIONS—BURDEN OF PROOF.
   The taking of usury cannot be presumed, but the burden of establishing it is on the borrower.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 308–323; Dec. Dig. § 113.*]

3. USURY (§ 117*)—EVIDENCE—SUFFICIENCY OF EVIDENCE.
   Usury is not established, where the evidence is as consistent with its absence as with its presence.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 328–340; Dec. Dig. § 117.*]

   Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by David Silverman against Alexander Katz and another. Defendants had judgment, and plaintiff appeals. Reversed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Julius H. Zieser, for appellant.
Joseph A. Whitehorn, for respondents.

GIEGERICH, J. The action is on two promissory notes for $75 each, made by the defendant Alexander Katz to the order of Jacob Katz, and indorsed by the latter and one Nathan Finkelstein. The defense was usury.

It appears, without contradiction, that one Julius H. Zieser, the attorney who represented the plaintiff in the transaction, exacted and received $25 as a condition of the loan of $150, for which the two promissory notes in suit were given; but there is no evidence in the record which justifies an inference that the plaintiff received any part of the sum so exacted, or knew of or assented to its exaction. The plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

positively denied that he either received any part of said sum or that he had any knowledge that his attorney took the same, and under the circumstances there was no warrant for the trial justice's finding, as we must assume, from the judgment in favor of the defendants, that he by acquiescence was a party to the usurious transaction. The plaintiff also denied that he caused to be inserted in a Hebrew newspaper an advertisement, which the defendant Jacob Katz testified was to the effect that Mr. Zieser, the attorney in question, loaned money at the rate of 6 per cent. per annum, and through medium of which he became acquainted with Mr. Zieser, who introduced him to the plaintiff.

Mr. Zieser admitted that he caused such advertisement to be inserted in the newspapers in question, because, as stated by him, he, at the time in question, had clients who offered to loan money, and that in this particular case he introduced the defendant Jacob Katz to the plaintiff. A check for $150, the face amount of the two notes in controversy, was left by the plaintiff with Mr. Zieser, to be delivered when arrangements for the loan were perfected. The check was delivered by him to the defendant Alexander Katz in exchange for the notes, and the check was cashed in the presence of Mr. Zieser, who in furtherance of his previously declared intention to do so retained $25 out of the $150 so received from the proceeds of the check.

The plaintiff was not present upon any of these occasions, and there is no proof whatever that he knew that such sum was exacted by his attorney. It was incumbent upon the defendants to show that the attorney retained said sum of $25 with the knowledge and consent of the plaintiff. The mere fact that the attorney exacted and retained said sum is not sufficient. Stillman v. Northrup, 109 N. Y. 473, 477, 17 N. E. 379; Bliven v. Lydecker, 55 Hun, 171, 172, 7 N. Y. Supp. 867. Usury cannot be presumed, but the burden of establishing it was upon the defendants. Stillman v. Northrup, supra; Ferguson v. Bien, 47 Misc. Rep. 618, 619, 94 N. Y. Supp. 459; Cameron v. Fraser, 48 Misc. Rep. 8, 10, 94 N. Y. Supp. 1058. As was said in Stillman v. Northrup, supra, at page 478 of 109 N. Y., and page 380 of 17 N. E.:

"The defense of usury, involving crime and forfeiture, cannot be established by mere surmise and conjecture, or by inferences entirely uncertain. If, upon the whole case, the evidence is just as consistent with the absence as with the presence of usury, then the party alleging the usury has failed; and so it has been repeatedly held."

Tested by these rules, it is manifest that the defendants did not sustain the burden of proving usury, which, as seen, it was incumbent upon them to do.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEHMAN, J. (concurring). The defendant's story of the transaction is so confused by his indiscriminate use of the pronoun "he" to describe the plaintiff and also the plaintiff's attorney that it does not clearly appear whether or not he claims that the plaintiff was present and cognizant of the alleged usurious transaction. Moreover, the attorney to whom the bonus was paid was apparently not only the plaintiff's attorney, but the broker employed by the defendant to procure

the loan. The bonus may well have been in payment of his services. The defendant must show, either by direct evidence or by convincing circumstantial evidence, that the bonus was not paid to the attorney for services rendered to the defendant as broker, but that it was exacted by and paid to the attorney, acting as agent for the plaintiff, and that the plaintiff either shared in the bonus, or knew of and consented to its exaction by his agent. Stillman v. Northrup, 109 N. Y. 473, 478, 17 N. E. 379. I find no such evidence in this case.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

DAYTON, J. (dissenting). Action to recover on two promissory notes, made by Alexander Katz to the order of the Fortuna Extract & Color Works—Jacob Katz—with interest, $75, each, indorsed by Alexander Katz, The Fortuna Extract & Color Works, by rubber stamp, Jacob Katz, and Nathan Finkelstein. Defendants appeared, and the parties without objection proceeded to trial upon an answer, verified by the defendant Finkelstein, setting up usury. Judgment was rendered for defendants. Plaintiff appeals.

The attorney of record for plaintiff also acted for him in making this loan, but testified that he acted as broker, and received for his services "about" $10 from Jacob Katz, who came to Mr. Zieser through an advertisement in a Hebrew newspaper. Mr. Zieser, to emphasize his status, testified positively that he was not plaintiff's agent in this transaction, and that he was looking out for his (Zieser's) own interest. Jacob Katz was in financial stress. Mr. Zieser demanded a bonus of $25. This was resisted by Katz and Finkelstein, the latter saying:

"I told Mr. Zieser that the amount charged, $30, for interest, was too much, and he told me I would get $5 out of it, and $25 goes to the man who gave the money."

Silverman said that Zieser was his attorney in the matter of these notes, which were dated January 26, 1909. Zieser insisted upon the indorsements of Alexander Katz and Finkelstein. This evidently consumed time, for not until February 4, 1909, did plaintiff take the notes, and give Jacob Katz his (plaintiff's) check for $150 to the order of the payee. On that day, according to Jacob Katz's testimony, he went with plaintiff to the Bowery Bank, where plaintiff identified him, whereupon the check was cashed, and plaintiff received the $25. Silverman was asked:

"Isn't a fact that you went along to the bank, and that the money was drawn in your presence, and $25 cash was returned to you out of the proceeds of this check? A. No, sir; he asked me I should indorse the check on the side, so he could get the cash, which I did."

The check shows it was not deposited by Katz, and, though it bears the identification and indorsement of Silverman, the probability is that he went to the bank and got the $25, which he could not have collected otherwise. Furthermore, Zieser is contradicted by Silverman on the "broker" theory. Zieser does not state when or where "about $10" was paid to him by Katz. This is significant, for two reasons: First, he knew Katz was without funds; second, there is no evidence even tending to show that Katz and Zieser met after the

check and notes were delivered. If he obtained "about $10," Silverman, his client, was doubtless the donor out of the $25. Usury is. not usually expressly stipulated. The usurer attempts sinuous ways to evade the law. The trial court had these witnesses before him, and was justified in holding that defendants sustained the burden. of proof.

The judgment should be affirmed, with costs.