JOHN E. SCHULTZ, Respondent, v. HAROLD SCHAFFER, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1918.)

Judgments — when reversed — usury — negotiable instruments — appeal

Where upon a trial of an action on defendant's demand note given for a loan, the defense being usury, it clearly appeared that plaintiff's agents, with full authority to act and as a part of the same transaction, demanded and received from defendant usurious interest and that the making of a third party payee of the note was a mere subterfuge, a judgment in plaintiff's favor will be reversed and the judgment directed in favor of defendant.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff, entered by direction of the court, after a trial without a jury.

Patrick J. Walsh, for appellant.

Henry Salant, for respondent.

GUY, J. The action is on a demand note, the defense being usury.

The evidence shows that defendant applied at the office of the State Loan and Realty Association for a loan of fifty dollars; that the office was in charge of two men named respectively Ryan and Fried; that Ryan asked defendant for references, and defendant signed an application and was told by Ryan that as soon as they verified defendant's statements they would let him hear from them; that he called subsequently and had a conversation with Ryan, who told defendant that his application for a loan had been passed; that it was necessary for him to sign a note and that he would have to pay either eleven or twelve weeks at five dollars a week; that he then signed the note in suit, which is to the order of one Sherrod, who was interested in said association and who indorsed and delivered same to the plaintiff; that forty dollars was then paid to defendant by Fried, who, when asked about the additional ten dollars, said that that was their way of doing business; that they collected the interest first.

From the evidence it is convincingly clear that plaintiff's agents, who conducted the entire transaction and who demanded and received usurious interest from defendant, were clothed with full authority to act in plaintiff's behalf in the making of the loan and fixing the terms thereof, and that making a third party payee of the note was a mere subterfuge. It was not, therefore, a case where an agent or broker received usurious interest for his benefit. The entire transaction was for the benefit of the plaintiff, and the rule

laid down in *Stillman* v. *Northrup,* 109 N. Y. 473, does not apply.

The judgment must be reversed, with thirty dollars costs, and judgment directed in favor of defendant, with costs.

WEEKS and MULLAN, JJ., concur.

Judgment reversed, with costs.