DOMESTIC FINANCE CORPORATION, Respondent, *v.* HAROLD G. WILLIAMS, Defendant, and MARIE A. KELLY, Appellant.

County Court, Monroe County, May 4, 1940.

*Jacob Gitelman,* for the appellant.

*Keenan & Keenan* [*John F. Lomenzo* of counsel], for the respondent.

VAN DUSER, J. This appeal is by the defendant Marie A. Kelly only. The action was brought to recover the sum of $220, with interest, and is based upon a note for that amount, copy of which is attached to the complaint.

Plaintiff is licensed to make loans of $300 or less, under article IX of the Banking Law. The evidence discloses that the note in question dated October 24, 1939, was executed by both defendants on the 23d day of October. It apparently was complete when then signed with the exception that the three dates, "24th," in the body of the instrument were inserted after the note was brought to the office of the plaintiff by Mr. Williams, appellant's codefendant, and before he then resigned it.

Section 353 of the Banking Law provides that "No licensee shall take any note, promise to pay, or security that does not accurately disclose the actual amount of the loan, the time for which it is made, and the agreed rate of interest, nor any instrument in which blanks are left to be filled in after execution." Violation of the section, under section 358 of the same law, makes the instrument void and renders the lender powerless to collect or receive any principal, interest or charges whatsoever.

In the instant case it was stipulated during the trial that the dates or figures "24th," appearing in three places in the body of the note, were "completed" in the presence of Harold G. Williams, the non-appealing defendant, after the note was brought to the office of the plaintiff by Mr. Williams, having been previously signed by the appellant, and was then re-signed by Mr. Williams.

The note when signed by the appellant accurately disclosed the amount of the loan, the agreed rate of interest, and in my opinion the time for which it was made, for even without the stipulation, the note clearly provided for payments at the rate of $14.32 " on the —— day of November, 1939, and a like sum on the —— day of each consecutive month thereafter for eighteen months, together with one additional installment, payable on the —— day of June, 1941, equal to any unpaid principal balance and accrued interest." The note was dated " October 24, 1939," and it seems to me that the insertion of the three dates, " 24th," was an immaterial addition, but even if material the codefendant has implied authority, if not express authority, to insert those figures or have

them inserted before the note was delivered and the consideration paid to him.

The appellant contends, however, that because the three blanks referred to were filled in after she signed it, although before Williams resigned and delivered it, the note is void as to her. With this contention I cannot agree. For, as I consider the wording of the statute, there were no blanks left to be filled in " after execution."

Appellant's codefendant required and sought the loan. Both defendants knew the signatures of both were required by the lender before it would grant the loan and pay over the money to Williams. The instrument was only *partially* executed when appellant signed it. It was only *completely* executed after the blanks had been filled in and resigned by Williams. The lender or licensee took the note only after the blanks were filled in and only after *complete* execution. " Execution " means the " completion of an act or instrument." (Bouvier's Law Dict. [3d Rawle's Rev.] p. 1112.) The statute was, therefore, fully satisfied.

The provisions of the Banking Law upon which the appellant relies were enacted to cure an evil resulting from loaning money at exorbitant and usurious rates.

" The dominant fact, upon which the crime of violating these sections must be based, is a loan — a loan for which excessive interest is received. * * * The sections * * * are aimed at usurious interest." (*People* v. *Sacks,* 276 N. Y. 321.)

" The general purpose of the statute is to protect poor people, whose necessities make them helpless, against the risk of having the rate authorized by the statute increased by further charges under the guise of compensation for services." (*Equity Service Corp.* v. *Agull,* 250 App. Div. 96, 100.)

In protecting " poor people, whose necessities make them helpless," and in driving the " loan-shark " out of business, the enactment of the statute rendered a distinct public service. No court, I am sure, will hesitate in enforcing it as intended. On the other hand, it ought not by a technical construction be used as a shield by one who has not been harmed, deceived or treated in any manner other than he intended to be, or impliedly authorized. This appellant was not deceived. When she signed the note she knew it was dated " October 24, 1939," and provided for the borrowing and repayment of $220, with legal interest as therein specifically stated at the monthly rate of $14.32 in a specifically stated number of monthly payments. By committing the note to the one for whose benefit she was signing it, to be by him delivered to the lender, who accepted it and loaned the money thereon only after the immaterial additions had been made, she

at least impliedly authorized her friend and non-appealing codefendant to fill in the omitted figures if necessary. (*National Exchange Bank* v. *Lester*, 194 N. Y. 461, 464, 465.)

The statute invoked not only renders the note void, with the lender helpless to collect, but it also makes the lender who violates its provisions guilty of a misdemeanor. If the transaction can be so construed, therefore, as to render it valid, such construction should be given to it, rather than one which would render it illegal and criminal. (*Cameron* v. *Fraser*, 94 N. Y. Supp. 1058.)

Judgment of the City Court of Rochester, Civil Branch, as entered in the above-entitled action is affirmed, with twenty-five dollars costs.

Submit order.