OPINION OF THE COURT
Joseph Rosenzweig, J.
This is an action by Household Finance Corporation (HFC) to recover a balance of $415.12 allegedly owing on a loan of $1,112.11. Defendant moves for summary judgment dismissing *533 the complaint and granting the counterclaim for payments made.
The question before the court is a novel one: Did HFC’s failure to issue itemized receipts for late payments that were applied, in part, to late charges and to interest that had not been precomputed constitute a violation of section 353 of the Banking Law, thereby depriving HFC of the right to collect the loan?
Defendant was to pay the principal of the loan, plus $408.36 interest, in 36 consecutive monthly installments for a total of $1,520.47. The parties agree that to date $1,531.07, a sum greater than the original obligation, has actually been repaid. However, because payments were made late — some more than a year beyond the agreed repayment period — additional interest and charges were incurred.
HFC explains the outstanding balance as follows: When the defendant failed to pay according to the terms of the contract, the contract was declared in default. The defendant was credited with unearned interest. Interest was then recomputed at the contractual rate for the time that moneys were outstanding and, in addition, certain late charges and deferment charges were incurred. The resulting obligation, greater than the original, was not satisfied after all of the defendant’s payments had been duly credited.
Section 353 of the Banking Law requires, in relevant part, that licensed lenders shall: "For each payment made on account of any such loan, give to the person making it at the time the payment is made, a plain and complete receipt specifying the amount applied to interest and the amount, if any, applied to principal, and stating the unpaid principal balance, if any, of such loan, provided that an unitemized receipt may be given temporarily and replaced within ten days by a receipt as prescribed above, provided however, if the charges have been precomputed the receipt need not be itemized and no receipt shall be required where payment is made by check or money order and the full amount of such check or money order is applied to the loan.”
The statute reflects public policy " 'to protect the poor and needy’ ” from usury and loansharking. (Rosenblum v Family Fin. Corp., 179 Misc 1050, 1052; Domestic Fin. Corp. v Williams, 174 Misc 227.) The Legislature evidently considered the need for protection to be of such exigency that it also enacted section 358 of the Banking Law, which provides that violators *534 of certain sections, including 353, shall be guilty of a misdemeanor, and further provides that: "Any contract of loan not invalid for any other reason, in the making or collection of which any act shall have béen done which constitutes a misdemeanor under this section, shall be void and the lender shall have no right to collect or receive any principal, interest, or charges whatsoever.”
The defendant in this case made all payments by mail, presumably by check, and was not issued receipts. By the plain wording of section 353, no receipt would have been required had the payments been the regular monthly installments of principal plus precomputed interest; the full amount would then have been applied to the loan and the defendant would have known after each payment how much he still owed. !
By contrast, if without proper explanation payments are applied to charges that are incurred after contract and that are not part of the loan, the borrower is harmed in two ways: (1) he cannot easily determine what unpaid balance remains, and (2) he may unknowingly fall into continuing default because subsequent payments are insufficient to cover both loan and penalties. These are the very results the statute was intended to prevent.
This court finds that HFC violated section 353 of the Banking Law when it failed to issue itemized receipts to the defendant. !
Although there is a statement on the face of the contract that attempts to explain HFC’s default and deferment charge policy, it is insufficient to meet the statutory requirements. To the unsophisticated, the explanation is no better than obscure, nor does it provide the running balance contemplated by the Legislature. In addition, we reject as without merit HFC’s argument that section 353 "contemplates payment in person.” That interpretation overemphasizes the receipt aspect of the statutory prescription at the expense of itemization. That is, a canceled check may acknowledge the borrower’s payment; it does not show how the payment was applied or what balance remains.
This court further finds that the loan is void and uncollectible under section 358 of the Banking Law. We do not consider this result unduly harsh, since sanctions are easily avoided. The lender has but to comply with the statute by issuing proper receipts. As to the counterclaim, however, the court *535 finds that section 353 is a defense but provides no remedy to recover the voluntary payments the defendant has already made. (Conrad v Home & Auto Loan Co., 53 AD2d 48, 52.)
Accordingly, defendant’s motion for summary judgment is granted and the counterclaim is dismissed.